HYMA *v.* LEE.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING—EVIDENCE.
   All material facts properly pleaded must be accepted as true
   on appeal from a motion to dismiss the declaration in an action
   at law.

2. PLEADING—CONSTRUCTION OF TERMS.
   Undefined terms in a pleading are assumed to be used therein
   in their ordinary significance.

3. WORDS AND PHRASES—SPIRITUALISM.
   "Spiritualism" is defined as the belief or doctrine that the spirits
   of the dead, surviving after the mortal life, can and do
   communicate with the living, especially through a person,
   such as a medium, particularly susceptible to their influence.

4. FRAUD—ELEMENTS—EVIDENCE.
   Actionable fraud is made out where it appears that defendant
   made a material representation that was false, which he
   then knew to be false or made it recklessly without any
   knowledge of its truth or as a positive assertion, made it
   with the intention that it should be relied on by plaintiff and
   was so relied on by plaintiff to his injury; it being necessary
   to prove each and all of such elements with a reasonable de-
   gree of certainty.

5. SAME—PROFIT.
   All persons who are active in defrauding others are liable for
   what they do, whether they act in one capacity or another,
   and irrespective of whether they actually profit therefrom or
   even sustain a loss.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 944.
[2] 41 Am Jur, Pleading § 69.
[4] 23 Am Jur, Fraud and Deceit § 20; 24 Am Jur, Fraud and
    Deceit § 278.
[5] 23 Am Jur, Fraud and Deceit § 184.
[7] Generally as to right to rely upon representations, see 23 Am Jur,
    Fraud and Deceit § 146.

6. SAME—PLEADING—COMMUNICATION WITH SPIRITS OF DECEASED
PERSONS—TRUSTS.

Allegations that defendant represented to plaintiffs that she
was a "medium" who communicated with the spirits of de-
ceased persons but did not and knew that she did not have
the power to do so and knew that plaintiffs were deceived
by her representations in such respect with the intention that
they would rely on her representations, knowing they were
deeply religious and intensely interested in the mystical mani-
festations of religion, and that plaintiffs relied on such rep-
resentations to their damage *held*, sufficient to aver actionable
fraud; there being an averment of a relation of trust and
confidence in the light of which defendant's acts are to be
construed.

7. SAME—CONFIDENTIAL RELATIONS.

The right to rely on a full and truthful statement by a person
bearing a confidential relation toward him is not limited to
relations held fiduciary as a matter of law but extends to
wherever the circumstances induce one party to repose trust
and confidence in the other, as where confidence is induced by
the personal friendship of the parties.

8. SAME—PLEADING—CHURCH—MEDIUM.

Averments of declaration in action for fraud *held*, insufficient
to establish cause of action against church although sufficient
to establish cause of action against individual defendant who
claimed to be a "medium."

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted June 2, 1953.   (Docket No. 9, Calendar
No. 45,783.)   Decided November 27, 1953.

Case by Albert Hyma and wife against Lillian Lee
and Church of Christ of Detroit for damages result-
ing from fraudulent misrepresentations.   Motion to
dismiss the declaration granted.   Plaintiffs appeal.
Affirmed as to Church of Christ of Detroit.   Re-
versed as to defendant Lee and remanded for fur-
ther proceedings.

*L. Edwin Wenger,* for plaintiffs.

*Edgar G. Braun* (*Louis Rosenzweig,* of counsel), for defendants.

CARR, J.   Plaintiffs brought this action to recover damages, claiming that they had been injured by misrepresentation, fraud and deceit, on the part of defendant Lee.   Motion to dismiss the declaration was filed on the ground that plaintiffs' pleading was insufficient to allege a cause of action against either defendant.   The motion was granted, the court being of the opinion that plaintiffs had not charged actionable fraud.   From the order entered plaintiffs have appealed.

In determining the issue before us we have in mind the general rule that all material facts properly pleaded must be accepted as true. *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich 296.   The declaration avers that plaintiffs have for many years been interested in mystical manifestations of religion and have been believers in spiritualism; that the defendant Lillian Lee, hereinafter referred to as the defendant, claimed to be a medium and to have powers of communicating with the spirits of deceased persons; that plaintiffs believed such representations on the part of defendant; that they relied on the truth of the "voices" which defendant represented as emanating from the souls or spirits of departed persons; and that beginning with the year 1934 plaintiffs attended the church of which defendant was pastor, and also many meetings at her home.

Plaintiffs do not attempt to define, except by indirection, their conception of the term "spiritualism." It may be assumed that it is used in its ordinary significance.   For the purposes of this case it may be defined as follows:

"The belief or doctrine that the spirits of the dead, surviving after the mortal life, can and do communicate with the living, esp. through a person (a medium) particularly susceptible to their influence."— New Century Dictionary.

"For the purposes of this case spiritualism may be defined as a belief in the power of some departed spirits to communicate with the living by means of mediums." *City of Chicago* v. *Payne,* 160 Ill App 641.

The pleading further sets forth that in the year 1937 plaintiffs were the owners of stock in a certain corporation which was in bad financial condition, that they were offered the sum of $2,700 for their stock, and that they consulted defendant to obtain guidance. Thereupon defendant, claiming to exercise her powers as a medium, informed plaintiffs that voices coming directly from God advised that great wealth would come from the corporation to the advantage of defendant's church and others of like character, and that plaintiffs should keep their investment until it reached a value of $250,000, at which time they should donate the sum of $200,000 to the church. Plaintiffs allege that they believed defendant's representation as to the source of the "voices" and retained the stock, which action resulted in a loss of the amount that they might have received for it at the time.

Plaintiffs further allege in their pleading that they were sincerely interested during the period from 1934 to 1948. in the spiritual manifestations of defendant and in assisting in her religious work, and that defendant by means of representations as to communications from the spirits of departed persons encouraged them to make investments in order that they might obtain money to be donated to the church of which she was pastor, as well as to the building of other churches. In 1947, as plaintiffs aver, defend-

ant informed them that she had received information
through the "voices" that there was an oil pool under
land that the plaintiffs owned, that they should con-
tact an operator for the purpose of having a well put
down, and that the spirits would indicate the center
of the oil pool.   Plaintiffs claim that they heard the
"voices", and believed defendant's representations
as to their source.   In reliance thereon they invested
the sum of $4,200 in an oil well which failed to pro-
duce.

Plaintiffs also claim that in September, 1947, they
received a letter purporting to come from a person
confined in a prison in Mexico.   In accordance with
the usual procedure followed in the so-called Span-
ish, or Mexican, prisoner hoax, the letter asserted
that the writer was unjustly accused, that he had a
key to a safety-deposit box containing property of
great value, and that he had a draft for $25,000
drawn on a New York bank which, because of his im-
prisonment, he was unable to cash.   The letter prom-
ised that if plaintiffs would deliver the sum of $8,500
to a designated agent of the writer, the draft would
be turned over to them, together with the key to the
safety-deposit box.   Plaintiffs admit that they were
skeptical concerning the letter, but that, having faith
in the powers of defendant as a medium, they showed
the letter to her.   Thereupon defendant, as plaintiffs
assert, purported to go into a trance and to have
communication with the spirits of deceased persons,
telling plaintiffs that she was informed thereby that
the writer of the letter was telling the truth and that
they should rely on his statements.   Believing that
defendant had actually communicated with the spirits
and had been informed thereby as to the course that
they should follow, they mortgaged their home and
caused the sum of $8,500 to be delivered in accord-
ance with the instructions set forth in the letter,
thereby sustaining a loss of the amount so paid.

Paragraph 21 of the declaration, which seems to summarize plaintiffs' claims as to the fraudulent conduct of the defendant, reads as follows:

"That the said defendant Lillian Lee has at all times hereinbefore mentioned deceived the plaintiffs by representations that she is a means or 'medium' of communicating with the spirits of deceased persons; that the said defendant Lillian Lee, in fact did not communicate with the spirit of Thomas Carlyle as she represented to the plaintiffs, that the alleged 'voices' which she represented as coming from God were in fact manifestations of ventriloquism or mechanical devices; that the said Lillian Lee at all times knew that she did not have the power of communicating with the spirits of deceased persons and knew that the plaintiffs were deceived by her representations that she could communicate with the dead and that she made such representations with the intention that plaintiffs would rely on her representations knowing the plaintiffs were deeply religious and intensely interested in the mystical manifestations of religion."

From the language quoted, and from other averments in the declaration, plaintiffs' claim is clearly set forth that they relied on the representations of defendant, that they believed in good faith that on the occasions in question she had actually communicated with the spirits of departed persons and that the advice given, and followed, came from such spirits or from God, that defendant's representations in this respect were false, that defendant knew that such was the fact, that she also knew that plaintiffs because of their belief in spiritualism and their implicit faith in the "voices" would rely thereon, that her acts, conduct and words, were designed deliberately to induce them to take the action in each instance that resulted in injury to them, and that, as a result of defendant's misrepresentation, fraud and

deceit, they had been damaged. It is further averred that plaintiffs promised defendant that in the event they realized profits from the ventures referred to in the declaration they would make donations to the work of her church, and towards the founding of other churches of like character.

Are the facts pleaded sufficient to constitute a cause of action in plaintiffs' favor on the grounds claimed by them? In *Candler* v. *Heigho,* 208 Mich 115, the Court quoted with approval from 20 Cyc, p 13, as follows:

" 'The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.' "

The fact that defendant did not actually profit as a result of her alleged wrongful conduct is not of controlling importance. Whether she hoped to do so if plaintiffs' ventures proved successful is a matter of conjecture. In *Weber* v. *Weber,* 47 Mich 569, 571, it was said:

"A person cannot avoid responsibility merely because he gets no personal advantage from his fraud. All persons who are active in defrauding others are liable for what they do, whether they act in one capacity or another."

The *Weber Case* was cited and followed in *Stoney Creek Woolen Co.* v. *Smalley,* 111 Mich 321, 324.

In *First National Bank of Ovid* v. *Steel,* 136 Mich 588, the question at issue was the sufficiency of the declaration which the trial court had dismissed on demurrer. The record in the case discloses that the defendants were directors of a certain corporation, and that as such they had participated in making a report to the State which indicated that said corporation was financially sound. It was the claim of the plaintiff that the representations so made were untrue, that the bank had relied thereon and purchased certain negotiable paper whereon the corporation was ostensibly liable, and that a loss was sustained in consequence of such misrepresentations and the reliance thereon. In holding that the averments of fact in the declaration were sufficient to set forth a cause of action against defendants, it was said:

"Defendants demur to the special counts on several grounds. They claim there is no such connection between their alleged fraud and plaintiff's loss as to create a cause of action. It is true that a fair construction of the declaration indicates that defendants took no part in making the contract which led to plaintiff's loss. But it does appear that the fraudulent representations of defendants were made for the purpose of inducing that contract, and did induce it. We think this indicates a sufficient connection on the part of defendants to make them liable."

In 37 CJS, p 297, decisions with reference to this phase of the case are summarized as follows:

"It is not essential to actionable fraud that the guilty party should derive any benefit from his misrepresentation or concealment, or that he should collude with another who does derive benefit. This rule applies even though defendant was himself a loser. The gravamen of the action is injury to plaintiff, not benefit to defendant."

Plaintiffs allege in substance that they trusted the defendant and that they had the utmost confidence in her claimed ability to communicate with the spirits of the departed. They make no claim that they relied on her personal judgment in financial matters. Neither does it appear that defendant represented that she had superior knowledge with reference to business transactions. The action is based on the theory that defendant falsely represented that the advice given to plaintiffs came directly from God to defendant, or from the spirits with which she claimed to be in communication. It is asserted that she misrepresented the source of the "voices", and that she did so deliberately with the intention of deceiving the plaintiffs and causing them to rely in each instance on the advice given, knowing that their belief in spiritualism would cause them to accept without question statements of purported facts that they believed came from the sources with which defendant pretended to be in contact. In view of the nature of the situation set forth in the declaration, we think it may fairly be said that the pleading avers a relation of trust and confidence, and that defendant's acts may properly be construed in the light of such relation. *Connor* v. *Stanley,* 72 Cal 556 (14 P 306, 1 Am St Rep 84).

In discussing the matter of confidential relations it is said in 37 CJS, pp 282, 283:

"The rule that one has the right to rely on a full and truthful statement by a person bearing a confidential relation toward him is not, however, limited to relations held fiduciary as a matter of law, but applies wherever the circumstances induced one party to repose trust and confidence in the other, as where confidence is induced by the personal friendship of the parties. The rule is especially applicable if one party knows that the other is relying on him

for a full and truthful statement of all facts, as where confidence is expressly reposed."

In *Burchill v. Hermsmeyer* (Tex Civ App), 262 SW 511, suit was brought to recover money claimed to have been paid by the plaintiff for certain oil stock. In the making of the purchase plaintiff apparently had relied on supposed revelations by the spirits of the departed, made through a spiritualistic medium, as to the existence of quantities of oil on the property involved. No connection was shown between defendants and the medium, and it was held that liability could not be imposed on the ground of false representations by the medium on whom plaintiff apparently relied. The language of the court's opinion suggests that had collusion between defendants and the medium been shown a different conclusion would follow. The question as to the possible liability on the part of the medium under such circumstances was not discussed. The conclusion would seem to logically follow that if one party to such collusion was guilty of tortious conduct, the other party would be equally guilty.

Our attention has been called to no decisions, either in this State or elsewhere, in which the facts alleged were similar to those here claimed. We think it must be said, however, that the declaration fairly sets forth the various elements of a cause of action based on misrepresentation, fraud and deceit. As above noted, liability on defendant's part is not precluded by the fact that she did not benefit from the transactions referred to by plaintiffs. The trial court was in error in granting the motion to dismiss as to defendant Lee. Insofar as the defendant church is concerned, the order of dismissal was correct. The averments of the declaration are insufficient to establish a cause of action as to it.

The order from which the appeal has been taken is affirmed as to the defendant church, and reversed as to defendant Lee. The cause is remanded for further proceedings. Plaintiffs may have costs against defendant Lee, and the other defendant may have its costs against plaintiffs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.