## WHALEN v BENNETT

1. JUDGMENT—SUMMARY JUDGMENT—ANSWER TO COMPLAINT—AFFIR-
MATIVE DEFENSES—EXHIBITS—ISSUES OF FACT.

   A defendant who answers a complaint and interrogatories by
   raising affirmative defenses and submitting exhibits in her
   behalf presents material issues of fact to be determined by a
   trial court and summary judgment may not be granted.

2. JUDGMENT—SUMMARY JUDGMENT—UNLIQUIDATED DAMAGES.

   There can be no final judgment until damages are ascertained in
   a legal manner; therefore, where affidavits supporting a plain-
   tiff's motion for summary judgment disclose that the claim is
   for unliquidated damages, the motion must be denied.

3. JUDGMENT—SUMMARY JUDGMENT—STATE OF MIND—SCIENTER—
DISPUTE OF FACTS.

   Summary judgment will hardly ever be appropriate in cases
   involving the state of mind of a party, such as the *scienter*
   requirement in fraud, because it is difficult to foreclose a
   genuine dispute over this factual question.

4. JUDGMENT—DEFAULT JUDGMENT—FAILURE TO APPEAR—SUMMARY
JUDGMENT HEARINGS—APPEAL AND ERROR.

   Plaintiffs were not entitled to a general default judgment against
   a defendant who failed to appear at a hearing on a motion for
   summary judgment where they were not entitled to the sum-
   mary judgment under the circumstances present.

5. JUDGMENT—DEFAULT JUDGMENT—IMPROPER NOTICE OF HEARINGS—
DUE PROCESS.

   It is a denial of due process to allow a default judgment to stand
   against a defendant who appeared at the time and place
   specified in a notice of hearing on a motion for summary

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 11.
[2] 47 Am Jur 2d, Judgments § 1053.
[3] 46 Am Jur 2d, Judgments § 415 *et seq.*
[4] 73 Am Jur 2d, Summary Judgment § 28.
[5] 47 Am Jur 2d, Judgments §§ 1184, 1186, 1189, 1190.

judgment and who was unaware that the proceeding had been transferred to another courtroom.

Appeal from Oakland, Farrell E. Roberts, J. Submitted February 12, 1976, at Lansing. (Docket No. 24718.) Decided March 9, 1976.

Complaint by John F. Whalen and Jean L. Whalen against Verna L. Bennett and another party who was later dropped, seeking specific performance of a contract or damages in the alternative. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Joseph J. Cauchi* and *John P. Murphy,* for plaintiffs.

Verna L. Bennett, *in propria persona.*

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, J. The defendant appeals from a default judgment in the amount of $26,033.22 entered against her in favor of plaintiffs on June 4, 1975, which was filed in the clerk's office for Oakland County at 9:20 a.m. on that day.

On April 23, 1972, defendant Verna L. Bennett entered into a sales agreement with plaintiffs John F. Whalen and Jean L. Whalen for the sale of Lots 481, 482, 483 and 484 of Hillcrest subdivision, Roscommon County, Michigan, for the sum of $3,300, with $100 down and the balance to be paid by May 10, 1972. The total price was paid on time. The agreement provided that the:

"Seller agrees to pay from purchasers total purchase price the following: (A) Cost of deed recording and preparation, (B) Cost of revenue stamps for deed, (C)

Cost of title insurance policy, (D) Cost of road improvement or installation to county of Roscommon specifications."

On December 10, 1974, the plaintiffs filed a four-count complaint against the defendant and another person, William L. Bennett, seeking specific performance or, in the alternative, damages for breach of the contract and alleged fraud based upon defendant's claimed false representations concerning the road improvement mentioned in the contract.

On January 22, 1975, defendant answered the complaint denying the allegations of plaintiffs and claiming good faith in attempting to comply with the contract as to construction of the roads in question. Defendant also filed an affirmative defense representing that the sum of $16,000 had been expended in surveying and road building within the subdivision.

On February 3, 1975, plaintiffs filed interrogatories for defendant to answer, and thereafter defendant filed interrogatories for plaintiffs to answer. Plaintiffs' interrogatories were answered by defendant March 3, 1975, except as to a few of the questions, and as to those questions she claimed they were inappropriate. Plaintiffs answered the interrogatories of the defendant as far as possible.

On March 12, 1975, defendant filed additional exhibits to her answer to plaintiffs' interrogatories, showing that the Roscommon County Road Commission had abandoned and vacated the subject roads in the Hillcrest subdivision on May 19, 1972, subsequent to the date of agreement of purchase set forth above. It further contained specific information on the work done on the subject roads.

On March 25, 1975, plaintiffs filed an amend-

ment to the complaint, dropping William L. Bennett as a party defendant. Mr. Bennett had been improperly named as an original defendant. Plaintiffs' amendment was in conformance with an order of the court. This order further stayed the proceedings for 30 days to allow Verna L. Bennett to obtain counsel. This order was filed in the clerk's office on April 3, 1975. Why this 73-year-old lady defendant failed to obtain counsel is not explained, but she did not.

Plaintiffs then filed on May 13, 1975, a motion for summary judgment noticing the same for May 21, 1975, at 9 a.m. and to be held before the Honorable Robert B. Webster. This motion was brought under GCR 1963, 117.2(3). Mr. Whalen signed an affidavit in support of this motion. Service was had on defendant by mail posted May 13, 1975. Defendant failed to appear on May 21, 1975, and plaintiffs filed on May 29, 1975, an application for default judgment, which was noticed on June 4, 1975, before the Honorable Robert B. Webster. On May 21, 1975, there appears in the records a letter from Rex J. Cheff, D.C., marked as being received at 9:20 a.m. and filed in the clerk's office at 4:06 p.m. The letter reads as follows:

"Mrs. Verna L. Bennett is a patient of mine and under my care and treatment.

"It is not adviseable *[sic]* for her to attend the Court Hearing slated for May 21, 1975."

All the proceedings prior to June 4, 1975, were held in the courtroom of and before the Honorable Robert B. Webster. However, for some reason the motion docket for June 4, 1975, of Judge Webster was transferred to be heard before the Honorable Farrell E. Roberts in his courtroom. Defendant has represented that she was in Judge Webster's court-

room at 9 a.m. on June 4, 1975, and further, by the time she obtained the proper information of the transfer from the clerk and proceeded to the courtroom of Judge Roberts, it was 9:20 a.m. when she arrived. The default judgment had been taken and filed by the clerk's office. This allegation has not been denied by the plaintiffs.

The transcript of the proceedings taken on June 4, 1975, relates the following:

"*The Clerk:* Calling the case of John Whalen, et al, versus Verna Bennett, 119142.

"*Mr. Murphy:* If it please the court, my name is John Murphy. I represent the plaintiffs in this action. We are making application today for a default judgment against the defendant, Verna Bennett, under the provision of GCR 1963, 520.2(2). The defendant is found to be in default May 21, 1975 by the Honorable Robert Webster. Proper notice of application and supporting affidavits were served and filed and a proof of service of above was duly filed. The defendant is not an infant. She is not incompetent and not in military service of the State of Michigan, or the United States of America. Defendant has appeared personally in this action. Therefore we would request that the court grant our default judgment in this case.

"*The Court:* Motion is granted."

Plaintiffs' motion set for May 21, 1975, was for a summary judgment.

Count I of plaintiffs' complaint was for specific performance or in the alternative for damages in the amount of $7,500, if the defendant was unable to perform the contract. Count II was a claim based upon fraud. Count III was a claim based upon fraud. Count IV was a claim based upon conversion. The answer by defendant to plaintiffs' complaint and the affirmative defenses contained in defendant's answer, together with her answers

to the interrogatories of the plaintiffs and exhibits attached thereto presented material issues of fact to be determined by the trial court, thus precluding the granting of a summary judgment. *Kaminski v Standard Industrial Finance Co,* 325 Mich 364; 38 NW2d 870 (1949). Plaintiffs' motion for summary judgment and the affidavit filed in support thereof disclosed that plaintiffs' claim was for unliquidated damages. Under these facts, plaintiffs were not entitled to a summary judgment. *Hecker Products Corp v Transamerican Freight Lines, Inc,* 296 Mich 381; 296 NW 297 (1941).

Further, in cases involving state of mind such as the *scienter* requirement in fraud, summary judgment will hardly ever be appropriate because it will be difficult to foreclose a genuine dispute over this factual question. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Author's Comments, pp 360, 361. We perceive no way that plaintiffs could have properly been entitled to a summary judgment in this complicated factual case.

We also determine that plaintiffs were not entitled to take a general default of defendant upon her failure to appear at the motion for summary judgment hearing, where plaintiffs were not entitled under the circumstances present in this case to a summary judgment for the reasons herein before stated.

In addition, we also rule that the default judgment must be vacated for another reason, *i.e.,* a lack of proper notice. GCR 1963, 520.2(2) provides in part:

"[N]o judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, or other such representative who has appeared therein. If

the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application."

As herein stated, the notice sent to defendant indicated that the hearing on the default judgment would be in the courtroom of the Honorable Robert B. Webster. Defendant alleges, and plaintiffs do not deny, that she was in the courtroom of the Honorable Robert B. Webster at the appointed time and day. The motion was actually heard and granted by the Honorable Farrell E. Roberts, in his courtroom. Thus, the "notice" received by defendant under the facts present herein was in effect no notice at all. As this Court said in *Advance Dry Wall Co v Wolfe-Gilchrist, Inc,* 14 Mich App 706, 713; 165 NW2d 906, 910 (1968): "The rules as to notice were not properly fulfilled and to allow the judgment to stand against her would be to deny her due process."

Reversed and remanded for a trial on the merits. Costs to be awarded the prevailing party below.