HOLLOWELL v CAREER DECISIONS, INC

Docket No. 47701. Submitted June 23, 1980, at Detroit.—Decided October 7, 1980.

Sally W. Hollowell brought suit in Oakland Circuit Court against Gary K. Brown, Decision Consultants Inc., and Career Decisions Inc., alleging (1) breach of contract, (2) unjust enrichment, (3) fraud, and (4) slander.

Hollowell, Brown, and Decision Consultants had agreed to form an employment agency, Career Decisions, Inc., whereby Hollowell would act as vice-president for a certain salary. Decision Consultants was to furnish 90 per cent of the capital and Hollowell 10 per cent of the capital for the new corporation. Hollowell and Brown were both to act as members of the board of directors of Career Decisions.

Subsequent to the formation of Career Decisions, Brown, president of both Decision Consultants and Career Decisions, wrote a letter to Hollowell indicating his dissatisfaction with the performance of both Career Decisions and Hollowell and further notifying Hollowell that she would no longer be compensated for her services. Thereupon, Hollowell resigned as a member of the board of directors of Career Decisions and filed the suit.

The defendants moved for summary judgment. James S. Thorburn, J., granted the defendants' motion on all four counts. Plaintiff appeals. *Held:*

1. The facts established by plaintiff's own deposition indicate that a breach of contract claim could not be sustained.

2. It is a general rule of law that an employment contract for

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 53 Am Jur 2d, Master and Servant §§ 27, 43.
[3] 66 Am Jur 2d, Restitution and Implied Contracts §§ 3, 4.
[4] 66 Am Jur 2d, Restitution and Implied Contracts § 3.
[5] 37 Am Jur 2d, Fraud and Deceit §§ 12-19.
[6] 50 Am Jur 2d, Libel and Slander § 403.
[7] 50 Am Jur 2d, Libel and Slander § 194.
[8] 73 Am Jur 2d, Summary Judgment § 29.
[9] 61 Am Jur 2d, Pleading § 229 *et seq.*
[10, 11] 50 Am Jur 2d, Libel and Slander § 195.

an indefinite period is terminable at the will of either party and will not sustain a breach of contract action. Here, the trial court properly granted summary judgment on the breach of contract count.

3. Plaintiff's allegation of unjust enrichment was not supported since plaintiff failed to establish that the benefit conferred upon defendants exceeded her compensation. Therefore, the defendants were entitled to summary judgment on that count.

4. Plaintiff failed to allege the scienter requirement for fraud, thus a summary judgment for defendants was proper on the fraud count.

5. A communication regarding a person is absolutely privileged if it is consented to. Plaintiff's complaint does not allege any facts from which the existence of actual malice is inferable; nor do the proofs presented support any showing of malice. Summary judgment for defendant Brown was proper on the slander count.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENTS — COURTS — COURT RULES.

A determination on a motion for summary judgment on the basis that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law requires reference to evidence beyond the pleadings to test the motion, and courts are liberal in finding that a genuine issue exists; courts will give the benefit of any reasonable doubt to the opposing party and the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. CONTRACTS — EMPLOYMENT CONTRACTS — TERMINATION.

It is a general rule of law that an employment contract for an indefinite period is terminable at the will of either party and where the employer terminates the employment a breach of contract action cannot be supported.

3. CONTRACTS — CONTRACTS-IN-LAW — UNJUST ENRICHMENT.

The process of imposing a "contract-in-law" to prevent unjust enrichment is an activity which courts should approach with some caution.

4. CONTRACTS — CONTRACTS-IN-LAW — UNJUST ENRICHMENT.

The essential elements of a claim for a contract-in-law to prevent unjust enrichment are (1) receipt of a benefit by the defendant

from the plaintiff and (2) which benefit it is inequitable that the defendant retain.

5. FRAUD — DECEIT — ELEMENTS OF FRAUD AND DECEIT.

The elements necessary to establish fraud and deceit are: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury; each of these facts must be proved with a reasonable degree of certainty and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

6. LIBEL AND SLANDER — COMPLAINTS.

The slander need not be spelled out verbatim if more than mere conclusions are alleged in the complaint.

7. LIBEL AND SLANDER — PRIVILEGE — CONSENT.

A communication regarding a person is absolutely privileged if it is consented to.

8. JUDGMENTS — SUMMARY JUDGMENTS — LEGAL SUFFICIENCY — COURT RULES.

A motion for summary judgment based upon failure to state a claim upon which relief could be granted tests the legal sufficiency of the claim and every well-pled allegation is assumed true and the motion is properly granted only where the claim is so clearly unenforceable that no factual development could possibly justify a right to recover (GCR 1963, 117.2[1]).

9. JUDGMENTS — SUMMARY JUDGMENTS — STATE OF MIND — FRAUD.

The granting of summary judgment for failure to state a claim upon which relief can be granted is rarely appropriate in cases involving state of mind, such as the scienter requirement of fraud (GCR 1963, 117.2[1]).

10. LIBEL AND SLANDER — CONDITIONALLY PRIVILEGED COMMUNICATION.

A communication regarding a person may be conditionally privileged if it is made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation.

11. Libel and Slander — Conditionally Privileged Communica-
    tion — Elements.

   The essential elements of a conditionally privileged communica-
   tion are: (1) good faith, (2) an interest to be upheld, (3) a
   statement limited in its scope to this purpose, (4) a proper
   occasion, and (5) publication in a proper manner to proper
   parties only.

*Wolk, Miller, Singer & Erman* (by *Edward M. Miller*), for plaintiff.

*Bayer, Goren, Gornbein, Gropman & Kaplan, P.C.* (by *Thomas W. Brookover*), for defendants.

Before: J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller,* JJ.

A. C. Miller, J. This is a suit arising out of an employment arrangement, the principal issue being whether it was a "fire at will" contract. On the day of trial, a motion for summary judgment under GCR 1963, 117.2(3) was granted. The court found that as a matter of law the contract was terminable at will. Compensation was granted to the date of formal termination only.

Plaintiff Hollowell and defendants, Decision Consultants, Inc., and Gary K. Brown, entered into an agreement whereby defendant corporation, Career Decisions, Inc., was to be formed as an employment agency. Plaintiff was to receive a starting salary of $24,000 per year, plus ten percent of the profits for her services as vice-president of the new corporation. Plaintiff had experience in the employment agency field. Defendant Brown was to be the president of the new corporation, while both plaintiff and Brown were to be directors. Plaintiff was also to purchase ten percent of the new corporation's stock. Plaintiff and Brown anticipated the

* Circuit judge, sitting on the Court of Appeals by assignment.

new corporation would start operations in January of 1978. Plaintiff started to establish the new employment agency, but in March of 1978, defendant Brown wrote to plaintiff indicating his dissatisfaction with the performance of both Career Decisions and plaintiff. Defendant Brown told plaintiff that she would no longer be compensated for her services. While the firing was for general incompetence, one principal disagreement was whether the new business should engage in the placement of employees on a temporary basis to generate immediate income, as well as permanent placement. At a subsequent board of directors meeting, defendant Brown criticized plaintiff's performance. Plaintiff resigned as a member of the board of directors. Plaintiff initiated the present lawsuit in Oakland County Circuit Court.

Plaintiff's amended complaint against defendants alleged: 1) breach of contract; 2) unjust enrichment; 3) fraud; and 4) slander. Summary judgment pursuant to GCR 1963, 117.2(3) was granted as to the first count, whereas summary judgment pursuant to GCR 1963, 117.2(1) was granted as to the remaining three counts. Plaintiff challenges the lower court's resolution of each count.[1]

## I. BREACH OF CONTRACT

As a corollary to plaintiff's contention that a breach of contract claim existed against defendants, plaintiff argues that the record before the lower court was sufficient to establish a joint venture and defendants' breach of the fiduciary duties

[1] It is unfortunate that busy urban circuits feel required to dispose of matters "summarily" on motion for summary judgment—particularly when the matter is at the trial stage. It is "penny-wise, dollar-foolish" in many instances both in court time and litigant expense.

associated with that joint venture. We note that plaintiff's amended complaint did not seek to establish liability on the basis of a joint venture. Plaintiff's argument on appeal concerning a joint venture is immaterial. Plaintiff's ability to defeat a summary judgment motion was predicated on the contract claim appearing in plaintiff's complaint.

Summary judgment pursuant to GCR 1963, 117.2(3) requires reference to evidence beyond the pleadings to test the motion. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). Courts are said to be liberal in finding that a genuine issue exists. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Courts will give the benefit of any reasonable doubt to the opposing party and the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Id.* The affidavit that must be filed with such a motion identifies those facts which may appear contested on the pleadings, but which cannot be disputed according to the moving party. The party opposing the motion must then come forward with a showing that there is truly a dispute. If no such showing is made, summary judgment is granted. 1 Honigman and Hawkins, Michigan Court Rules Annotated, (2d ed), p 362 and 1972 Supp, pp 81, 83. The general consideration is whether there is factual support for the claim. *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979).

The lower court held that the agreement between plaintiff and defendants was one terminable at will according to the undisputed facts and that defendants, therefore, were entitled to summary judgment. Defendants argue on appeal that this

result was proper since plaintiff never submitted an affidavit to defend against defendant's motion and affidavit. It was not necessary for plaintiff to file an affidavit opposing summary judgment. *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973). Plaintiff was allowed to rely upon depositions in the record. *Goldman v Loubella Extendables,* 91 Mich App 212; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979).

However, this Court's review of the deposition relied upon indicates that the allegations contained within the plaintiff's complaint were not supported by the deposition. The facts established by plaintiff's own deposition indicate that a breach of contract claim could not be sustained.

It is a general rule of law that an employment contract for an indefinite period is terminable at the will of either party and will not sustain a breach of contract action. *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254; 283 NW2d 713 (1979), *Milligan v The Union Corp,* 87 Mich App 179; 274 NW2d 10 (1978), *McMath v Ford Motor Co,* 77 Mich App 721; 259 NW2d 140 (1977). Our reading of the Supreme Court's recent decision in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), indicates that this is still the general rule. In *Toussaint,* the Supreme Court dealt with an employment situation where the employer had made representations that employees would not be discharged without good cause. Even though the term of employment in *Toussaint* was indefinite, the majority of the Supreme Court held that the employer was bound by its own representation and could not terminate plaintiff's employment without good cause.

The undisputed facts in the case at bar are

inapposite. Plaintiff did not allege in her complaint or testify in her deposition that she was told that she would only be terminated for a good cause. Rather, plaintiff's complaint alleged that her employment was to be "indefinite, but with a minimum of terms of one year *or more*". (Emphasis added.) It is questionable whether this allegation would constitute a legal claim upon which relief could be granted pursuant to GCR 1963, 117.2(1). A term of "one year or more" is hardly definite.

In any case, we find that the trial court properly granted summary judgment pursuant to GCR 1963, 117.2(3). Plaintiff stated in her deposition that her relationship with Career Decisions was to be on an "ongoing affiliation". When plaintiff was asked whether there was a term for her employment, she responded, "There was no specific time involved at any point". Plaintiff was bound by her own admissions. *Gamet v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972), *Stefan v White,* 76 Mich App 654; 257 NW2d 206 (1977). Plaintiff's admission revealed a clear hiatus in essential proof. *Rizzo, supra.* Plaintiff sought to establish liability based upon a breach of contract, yet plaintiff's own admission indicated that her term of employment was indefinite. Since the contract was terminable at will, she could not establish liability through breach of contract. *Milligan, supra.* Furthermore, it was plaintiff who breached the contract according to the admissions in her own deposition:

"Q. Did you disagree strongly with Brown after you were hired?

"A. Yes.

"Q. What was the nature of the disagreement?

"A. Mr. Brown felt that the option to hire function should be conducted by the employment agency.

\* \* \*

"A. I thought it was entirely inappropriate \* \* \*.

\* \* \*

"Q. Why?

\* \* \*

"A. \* \* \* you have an ongoing responsibility for the performance of that person."

This was a direct and substantial breach of the written agreement between the parties dated December 6, 1977. It provided:

"The areas of operation of the business should include the placement of Data Processing personnel for fee, *or even on an option to hire basis for employers who do not pay fees.* Other areas of placement activity should be self-supporting, or eliminated."

As was noted in *Toussaint, supra,* 624,

"The employer's standard of job performance can be made part of the contract."

It was in this contract and admittedly breached.

Plaintiff claims on appeal that she refused to operate on an "option to hire" basis since this would have been illegal or unethical. Plaintiff's claims are not borne out by her deposition. In her deposition, plaintiff objected because she did not feel capable of supervising data processing employees on a continuing basis. So her own deposition does not support her claim. Count I was properly disposed of on a motion based upon the law and undisputed facts.

## II. UNJUST ENRICHMENT

In the second count of her amended complaint plaintiff alleged that defendants had been unjustly enriched by receiving all of the business, goodwill and other "intangible value" of Career Decisions after plaintiff left. Plaintiff argues that through certain representations, defendants Brown and Decision Consultants persuaded plaintiff to set up an employment agency, then simply seized the business from her.

The process of imposing a "contract-in-law" to prevent unjust enrichment is an activity which courts should approach with some caution. The essential elements of such a claim are (1) receipt of a benefit by the defendant from the plaintiff and (2) which benefit it is inequitable that the defendant retain. *Moll v County of Wayne,* 332 Mich 274; 50 NW2d 881 (1952), *Buell v Orion State Bank,* 327 Mich 43; 41 NW2d 472 (1950), *Atlas Concrete Pipe, Inc v Roger J Au & Son, Inc,* 467 F Supp 830 (ED Mich, 1979).

The lower court granted defendants' summary judgment motion on the basis that plaintiff's count in unjust enrichment failed to state a claim upon which relief could be granted. A motion based upon GCR 1963, 117.2(1) tests the legal sufficiency of the claim. Every well-pled allegation is assumed true and the motion is properly granted only where the plaintiff's claims are so clearly unenforceable that no factual development could possibly justify a right to recover. *Koenig v Van Reken,* 89 Mich App 102; 279 NW2d 590 (1979), *Southland Corp v Liquor Control Comm,* 95 Mich App 466; 291 NW2d 84 (1980).

Plaintiff's complaint was not insufficient as a matter of law. Plaintiff alleged that defendants

Brown and Decision Consultants effectively took over the employment agency she established. While plaintiff did not specifically allege that this was inequitable, this could easily be inferred if plaintiff's remaining allegations were assumed true. *Rubino v Sterling Heights,* 94 Mich App 494; 290 NW2d 43 (1979). Plaintiff specifically alleged unjust enrichment. *Contra, Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 71 Mich App 177; 247 NW2d 589 (1976). Summary judgment pursuant to GCR 1963, 117.2(1) was consequently inappropriate. However, the lower court's failure to indicate the proper subrule is harmless in the context of the present appeal.

Defendants filed a motion for summary judgment pursuant to GCR 1963, 117.2(3). A review of the record indicates that summary judgment was appropriate under this subrule. It is once again the plaintiff's own admission and omissions in her deposition which form a hiatus in her essential proofs. Plaintiff testified that she received her salary up to a month before she resigned.[2] Plaintiff failed to offer any proof to indicate that the value of the services she performed exceeded the compensation she received. Plaintiff's complaint listed the various services she performed in trying to start the employment agency. All of these activities would appear to be within the scope of her duties for which an agreed upon compensation was paid. In fact, plaintiff admitted that her compensation exceeded the amount she had previously been receiving.

Secondly, plaintiff failed to offer any factual support that defendants actually benefited from her services. Plaintiff admitted that she retained

---

[2] The trial court's summary judgment order awarded plaintiff one month's salary to compensate plaintiff for the one month she worked without receiving her pay.

her employment files. There was no dispute with the fact that Career Decisions quickly went out of business after plaintiff left. In sum, plaintiff failed to establish factual support that the benefit conferred upon defendant exceeded her compensation.

No unfair surprise or prejudice is present since defendants' motion was based upon GCR 1963, 117.2(3) and plaintiff was consequently put on notice that she would have to factually support her unjust enrichment claim. *Todd, supra.*

### III. FRAUD AND DECEIT

The third count of plaintiff's complaint alleged fraud and deceit. The Supreme Court has delineated the following elements as establishing fraud and deceit.

"(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hyma v Lee,* 338 Mich 31, 37; 60 NW2d 920, 924 (1953).

The lower court granted a summary judgment on the basis of a failure to state a claim upon which relief could be granted. GCR 1963, 117.2(1). While it is true that summary judgment for failure to state a claim is rarely appropriate in cases

involving state of mind, such as the scienter requirement of fraud, *Whalen v Bennett,* 67 Mich App 720; 242 NW2d 502 (1976), it was properly granted in the case at bar. Plaintiff failed to allege the scienter requirement for fraud. More specifically, plaintiff failed to allege that defendants' statements were made knowingly and falsely or in reckless disregard for their truth. Plaintiff's complaint alleged no more than a future promise which was not fulfilled. There is no allegation that defendant Brown's statement concerning the financial condition of Decision Consultants was a knowingly false statement. As such, plaintiff did not properly allege a claim upon which relief could be granted. *Kirk v Vaccaro,* 344 Mich 226; 73 NW2d 871 (1973), *Michigan National Bank of Detroit v Holland-Dozier-Holland Sound Studios,* 73 Mich App 12; 250 NW2d 532 (1976). Furthermore, under GCR 1963, 117.2(3) the motion was properly granted because again the depositions do not support the allegations. There is no indication that plaintiff was ever told that defendant had ample finances. Her testimony is that the new corporation would have a capitalization of $25,000, $1,000 of which was to be contributed by plaintiff, and a line of credit; *i.e.,* a loan of $25,000 from the parent corporation. She states that she was told that "Decision Consultants would loan the new business twenty-five thousand dollars for a period of either two or three years". There is no claim that this was a misrepresentation. There is no indication that the new corporation was financially secure. It was obviously a "shoe-string" operation. (Her own salary would consume 1/2 of available cash in one year.) Again, her own testimony does not support the allegations of her complaint. The motion dismissing Count III was properly granted.

IV. Slander

Count IV of plaintiff's complaint alleged that defendant Brown slandered plaintiff in a board of directors meeting on April 24, 1978.[3] The lower court concluded that plaintiff failed to allege a claim upon which relief could be granted. Once again, we conclude that summary judgment was proper, but under GCR 1963, 117.2(3), not 117.2(1). The allegations contained within the plaintiff's complaint were sufficient to spell out the essentials for a cause of action for slander. If more than mere conclusions are alleged, the slander need not be spelled out verbatim. *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416; 205 NW2d 504 (1973). However, summary judgment was proper pursuant to GCR 1963, 117.2(3) since plaintiff acknowledged in her deposition that she requested the board of directors to discuss defendant Brown's

---

[3] Plaintiff's complaint read in pertinent part as follows:

*"Slander*

"19. On or about April 24, 1978, at Southfield, Michigan, at a meeting purportedly convened at plaintiff's request to discuss enforcement by plaintiff and by CDI of their rights under the contract described in Count I, which meeting was attended by all directors of CDI, the attorneys for CDI and for plaintiff, and the secretary for defendants' attorneys; defendant Brown accused plaintiff of having lied about her employment and business background and experience and accused plaintiff of incompetence in her profession.

"20. Said accusations were wholly false and were known by defendant Brown to be false or in the alternative were made recklessly without regard to the truth.

"21. Said accusations were made maliciously with the intent of humiliating and intimidating plaintiff whom defendant Brown knew to be in a highly traumatized emotional state, for the purpose of extricating defendants from their contractual obligations without performance thereof by discouraging plaintiff from pursuing her legal rights and remedies and for the gratification of said defendant's overwhelming need to control and manipulate others and/or for other unlawful purposes the nature, scope, and depth of which are unknown to plaintiff.

"22. As a direct and proximate cause of said defendants said slander, plaintiff suffered severe and prolonged emotional trauma and damage."

dissatisfaction with her performance. Plaintiff requested the very conversation which she alleges slandered her. There was no statement made at the board meeting, according to plaintiff's own allegations, that did not relate to her employment. Under the circumstances, we find plaintiff consented to the slander of which she complains. A communication regarding a person is absolutely privileged if it is consented to. *Merritt v Detroit Memorial Hospital,* 81 Mich App 279; 265 NW2d 124 (1978), *Schechet v Kesten,* 3 Mich App 126; 141 NW2d 641 (1966).

Alternatively, in *Bufalino v Maxon Brothers, Inc,* 368 Mich 140, 153; 117 NW2d 150 (1962), the Supreme Court cited the following:

"A communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation. The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits."

Plaintiffs' complaint does not allege any facts from which the existence of actual malice is inferable; nor do the proofs presented support any showing of malice. See also *Hayes v Booth Newspapers, Inc,* 97 Mich App 758; 295 NW2d 858 (1980).

Because defendant Brown was entitled to a qual-

ified privilege in the statement made at the board meeting regarding the performance of Career Decisions, Inc., and because plaintiff has not alleged specific facts supporting malice such that would remove the statements from the qualified privilege, the grant of summary judgment for failure to state a cause of action was proper as to defendant Brown. No issue regarding the other corporate defendant has been raised with reference to slander. Summary judgment as to Count IV was also properly granted.

Affirmed.