*In re* McCALLUM ESTATE

McCALLUM v FIRST STATE BANK OF EAST DETROIT

Docket No. 83045. Submitted January 13, 1986, at Lansing. Decided May 13, 1986.

The directors and shareholders of defendant First State Bank of East Detroit determined to form a bank holding company pursuant to the banking code. The stock of the bank was transferred to defendant First State Financial Corporation, the newly formed bank holding company, in exchange for the stock of this holding company. Plaintiff, Thomas J. McCallum, special fiduciary of the estate of Kenneth J. McCallum, deceased, dissented to this consolidation and pursuant to the banking code requested to be paid the fair value of the shares in cash. The Bank and plaintiff were unable to agree on fair value and plaintiff made a request of the Commissioner of the Financial Institutions Bureau for the appointment of a qualified and independent appraiser to determine the fair value of its stock. Thereafter, the Commissioner of the Financial Institutions Bureau appointed defendant Sigurd R. Wendin & Associates, Inc., to determine the fair value of plaintiff's stock. Defendant Wendin appraised the stock held by the estate, determining its fair value to be $110 per share, or $229,020 for the 2,082 shares owned by plaintiff. This sum was paid in full. Plaintiff sued defendants in the Macomb Circuit Court claiming, inter alia, that defendant Wendin was guilty of negligence in its appraisal, that defendants Bank and First State Financial were unjustly enriched by the Wendin appraisal, and that the statute was unconstitutional in that it made the appraisal by a qualified and independent appraiser final and binding without judicial review. Defendants Bank and First State Financial made a motion for summary judgment which, inter alia, requested dismissal as to them of Count II of the complaint which alleged negligence solely of defendant Wendin, requested dis-

REFERENCES

Am Jur 2d, Appeal and Error §§ 17 *et seq.*

Am Jur 2d, Restitution and Implied Contracts §§ 1 *et seq.*, 13 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Restitution and Implied Contracts.

missal of Count III of the complaint alleging that the Wendin appraisal did not provide them with an unjust enrichment, and requested dismissal of Count IV of the complaint alleging that the statute is constitutional without judicial review, and that the Wendin finding is final and binding, there being no allegations of fraud, coercion, duress or any similar type of infirmity. Defendants Bank and First State Financial alleged in the alternative that, in the event judicial review was required, it should be limited to a determination by the court as to whether the finding was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. The court, James C. Daner, J., dismissed Count II as to the Bank and First State and held that, in the event the court determined the fair value of the stock to have been higher than that found by defendant Wendin, defendants Bank and First State would be unjustly enriched and that the statute, to the extent that it made the Wendin appraisal final and binding without judicial review, would be unconstitutional under article 6, § 28 of the Michigan Constitution of 1963, but that this finding was not necessary as the court determined to provide plaintiff with a full judicial review. The Bank and First State appealed by leave granted. *Held:*

1. The trial court erred when it concluded that plaintiff was entitled to a jury trial to determine anew the value of the shares. Appellate review of a decision of the Financial Institutions Bureau is limited to a determination of whether the decision is authorized by law and, in cases where a hearing is required, is supported by competent, material and substantial evidence on the whole record.

2. A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons. Plaintiff-appellee was solely responsible for setting in motion the chain of events resulting in this appraisal, and appellants were the involuntary recipients of the stock held by the estate. The Commissioner of the Financial Institutions Bureau, not appellants, selected the appraiser. Appellants merely paid to the estate the fair value of the shares in accordance with the appraisal. As between appellants and plaintiff, it is not unjust for appellants to retain the benefits, if any, of the allegedly erroneous appraisal. Appellants did not request plaintiff to confer this benefit on them. Plaintiff cannot recover against appellants on a theory of unjust enrichment. The trial court

should have granted summary judgment to appellants on Count III of plaintiff's complaint.

Reversed and remanded.

1. BANKS AND BANKING — ADMINISTRATIVE LAW — FINANCIAL INSTITUTIONS BUREAU — APPEAL.

Appellate review of a decision of the Financial Institutions Bureau is limited to a determination of whether the decision is authorized by law and, in cases where a hearing is required, is supported by competent, material and substantial evidence on the whole record; an appellant is not entitled to a hearing and de novo factual determination (Const 1963, art 6, § 28).

2. CONTRACTS — CONTRACTS-IN-LAW — UNJUST ENRICHMENT.

A person who has been unjustly enriched at the expense of another is required to make restitution to the other; the process of imposing a "contract-in-law" to prevent unjust enrichment is an activity which courts should approach with some caution.

3. CONTRACTS — CONTRACTS-IN-LAW — UNJUST ENRICHMENT.

The essential elements of a claim for a "contract-in-law" to prevent unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff and (2) which benefit it is inequitable that the defendant retain.

4. CONTRACTS — RESTITUTION.

A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interest of the other or of third persons.

*McShane & Bowie* (by *Terry J. Mroz*), for plaintiff.

*McInally, Brucker, Newcombe, Wilke & DeBona, P.C.* (by *Wilber M. Brucker, Jr.*), for First State Bank of East Detroit and First State Financial Corporation.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and T. ROUMELL,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. The directors and shareholders of defendant First State Bank of East Detroit (Bank) determined to form a bank holding company pursuant to § 130 of the Michigan Banking Code, as amended, MCL 487.430; MSA 23.710(130). They used the so-called "phantom" or "interim bank" method whereby, through a consolidation with a newly created interim bank, the stock of the Bank was transferred to defendant First State Financial Corporation (First State), the newly formed bank holding company, in exchange for the stock of this holding company. Plaintiff dissented to this consolidation and pursuant to § 130(2)(b) of the Banking Code of 1969 as amended, MCL 487.430(2)(b); MSA 23.710(130)(2)(b), requested to be paid the "fair value" of its shares in cash. Plaintiff, pursuant to that statute, made a timely request therefor and submitted its share certificates to the Bank. The Bank and plaintiff were unable to agree on fair value and plaintiff made a request of the Commissioner of the Financial Institutions Bureau for the appointment of a qualified and independent appraiser to determine the fair value of its stock. Thereafter, the Commissioner of the Financial Institutions Bureau appointed defendant Sigurd R. Wendin & Associates, Inc., to determine the fair value of the stock held by the estate. Defendant Wendin appraised the stock, determining its fair value to be $110 per share, or $229,020 for the 2,082 shares held by the estate. This sum (reduced by setoffs owed by plaintiff's decedent to the Bank) was paid in full.

Plaintiff sued defendants claiming, inter alia, that defendant Wendin was guilty of negligence in its appraisal, that defendants Bank and First State were unjustly enriched by the Wendin appraisal, and that the statute was unconstitutional in that it made the appraisal by a qualified and indepen-

dent appraiser final and binding without judicial review.

Thereafter, during the course of discovery proceedings, plaintiff retained the services of an economist who performed an appraisal for plaintiff concluding that the value of plaintiff's stock was $159.15 a share, or a total value of $331,350.30.

Defendants Bank and First State filed a motion for summary judgment which, inter alia, requested dismissal as to them of Count II of the complaint which alleged negligence solely of defendant Wendin, requested dismissal of Count III of the complaint alleging that the Wendin appraisal did not provide them with an "unjust enrichment," and requested dismissal of Count IV of the complaint alleging that the statute is constitutional without judicial review and that the Wendin finding is final and binding, there being no allegations of fraud, coercion, duress or any similar type of infirmity. Defendants Bank and First State alleged in the alternative that, in the event judicial review was required, it should be limited to a determination by the court as to whether the finding was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

The Macomb Circuit Court rendered an opinion and entered an order dismissing Count II as to defendants Bank and First State, there being no negligence alleged against either of these defendants, and determining that, in the event the court determined the "fair value" of the stock to have been higher than that found by defendant Wendin, defendants Bank and First State would be unjustly enriched and that the statute, to the extent that it made the Wendin appraisal final and binding without judicial review, would be unconstitutional under article 6, § 28 of the Michigan Constitution of 1963, but that this finding was

not necessary as the court determined to provide plaintiff with a full judicial review.

Appellants Bank and First State sought interlocutory review before a jury trial was held so as to determine the extent of judicial review, if any, that was required and whether the principles of unjust enrichment applied to the instant case. On May 9, 1985, we granted leave, and now reverse.

In this case, the trial court ruled that MCL 487.430(2)(b); MSA 23.710(130)(2)(b) violates Const 1963, art 6, § 28, because it does not give plaintiff the right to "full judicial review" in the form of a de novo jury trial to determine the value of its shares. We disagree.

MCL 487.430(2)(b); MSA 23.710(130)(2)(b) provides as follows:

> A shareholder of the existing bank who votes against the consolidation, or who has given notice in writing to that bank at or prior to the meeting called for the purpose of considering the agreement of consolidation that he dissents from the consolidation, shall be entitled to receive in cash from the consolidated organization the fair value of all shares held by him, if and when the consolidation is consummated, upon written request made to the consolidated organization at any time within 30 days after the date of consummation of the consolidation, accompanied by the surrender of his stock certificates. Upon the filing of the written request and the surrender of stock certificates, the shareholder shall cease to have any of the rights of a shareholder except the right to be paid the fair value of his shares. The request having been made, may not be withdrawn except with the written consent of the consolidated organization. The fair value of such shares shall be determined, as of the date on which the meeting of shareholders of the existing bank was held adopting the agreement of consolidation, by a qualified and independent appraiser selected by the commis-

sioner upon written application filed by a dissenting shareholder entitled to receive the fair value of his shares or by the consolidated organization. The appraiser so selected shall file a written report of his appraisal with the commissioner, who in turn shall forward copies thereof to all interested parties. *The valuation determined by the appraiser shall be final and binding on all parties as to the fair value of the shares.* The consolidated organization shall pay to each dissenting shareholder entitled thereto the fair value of his shares within 30 days following the receipt of the written report of the appraiser. The fees and expenses of the appraisal, which shall be approved by the commissioner, shall be paid by the consolidated organization. The agreement of consolidation shall provide the manner of disposing of the shares of the existing bank surrendered by the dissenting shareholders. [Emphasis added.]

Const 1963, art 6, § 28, affords judicial review to determine whether a decision of the Financial Institutions Bureau is authorized by law and, in cases where a hearing is required, whether the decision is supported by competent, material and substantial evidence on the whole record, *Casazza v Dep't of Commerce,* 134 Mich App 249, 258; 350 NW2d 855 (1984). However, that provision does not give a party a right to a hearing, and it does not guarantee an unencumbered, de novo right to appeal, *McAvoy v H B Sherman Co,* 401 Mich 419, 443; 258 NW2d 414 (1977), rem on other grounds 402 Mich 953 (1977). Thus, the trial court erred when it concluded that plaintiff was entitled to a jury trial to determine anew the value of the shares. Consequently, this case is remanded to the trial court for a determination as to whether the appraisal was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Appellants also contend that the trial court should have granted summary judgment on the unjust enrichment count in plaintiff's complaint.

A person who has been unjustly enriched at the expense of another is required to make restitution to the other, Restatement Restitution, § 1, p 12. The process of imposing a "contract-in-law" to prevent unjust enrichment is an activity which should be approached with some caution. The essential elements of such a claim are (1) receipt of a benefit by the defendant from the plaintiff and (2) which benefit it is inequitable that the defendant retain, *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 570; 298 NW2d 915 (1980). Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it. There mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor, Restatement Restitution, *supra,* comment c, p 13. A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons, Restatement, *supra,* § 112, p 461. See *Buell v Orion State Bank,* 327 Mich 43, 56; 41 NW2d 472 (1950).

In this case, plaintiff-appellee was solely responsible for setting in motion the chain of events resulting in this appraisal, and appellants were the involuntary recipients of plaintiff's stock. The Commissioner of the Financial Institutions Bureau, not appellants, selected the appraiser. Appellants merely paid to the estate the fair value of the shares in accordance with the appraisal. As

between appellants and plaintiff, it is not unjust for appellants to retain the benefits, if any, of the allegedly erroneous appraisal. Appellants did not request plaintiff to confer this "benefit" on them. Consequently, plaintiff cannot recover against appellants on a theory of unjust enrichment. The trial court should have granted summary judgment to appellants on Count III of plaintiff's complaint.

Reversed and remanded for further proceedings consistent with this opinion.