## Cyrus H. Bowen v. School District No. 9 of Rutland.

*School district order: Used as money: Implied promise: Waiving tort and bringing assumpsit.* Where one who has wrongfully procured a school district order, has afterwards used it as money, the law raises an implied promise to pay the amount, and the tort may be waived and assumpsit brought.

*Agency: Admissions: Evidence.* Admissions of an agent, made after the fact, and entirely unconnected with any act of agency, are not evidence of the fact.

*Agency: Evidence: Clerk: Payment: Authority: Admissions.* Proof that a person is clerk for another, does not establish his right to receive for his employer payment of demands not shown to have any connection with the business; and evidence simply that payment was made to such clerk of such demands, is not a sufficient showing of agency to receive the same, to authorize evidence of admissions by such clerk of the payment thereof to him.

*Interest: Trifling sum.* The objection that the judgment embraced more interest than was allowable, is not considered, the difference being so trifling as to be insignificant.

*Heard and decided April 5.*

Error to Barry Circuit.

*Harvey Wright,* for plaintiff in error.

*C. G. Holbrook,* for defendant in error, was stopped by the court.

PER CURIAM:

The plaintiff below recovered judgment for the amount of a school district order and the interest thereon; defendant having, as the referee found, wrongfully procured the order as a substitute for a certain Goodyear order, which he untruly claimed to have paid and then lost, and having afterwards used it as money in the payment of his taxes. The recovery was on the common counts in assumpsit.

It is objected that an action in tort should have been brought, and not assumpsit. But as the defendant made use of the order as money, the law will raise an implied promise to pay the amount. The district perhaps might have sued in tort, but was not compellable to do so.

It is also objected that the court excluded the evidence offered to show an admission by Goodyear's clerk that the prior order was in fact paid by defendant to such clerk. The admission is relied upon as an admission made by an agent in the course of his agency. The evidence of the clerk's agency consists in the showing that payment was made to him, which he denies. The admissions sought to be shown were made afterwards, if at all, and were entirely unconnected with any act of agency. On this ground they were inadmissible. But they were also objectionable on the ground that they would only go to establish the actual existence of an agency by showing that an act as agent was in fact done; in other words, the fact which is to authorize the reception of admissions is to be proved by the admissions themselves. For to show that one man is clerk for another certainly does not establish his right to receive for his employer payment of demands not shown to have any connection with the business.

It is also claimed that the judgment below embraced more interest than was allowable. We find the difference insignificant, and are not disposed to inquire too nicely into it.

The judgment must be affirmed, with costs.