THE TOWNSHIP OF BUCKEYE v. SAMUEL S. CLARK.

*Townships—Illegal orders—Assumpsit—Pleading—Bill of particulars.*

1. An action upon the common counts in *assumpsit* lies in the name of a township to recover money received by its supervisor upon orders drawn in his favor upon its contingent fund for the purchase of furniture for the township, which he never purchased, and on orders issued to him by the commissioner of highways upon a contract made with the supervisor for the construction of a highway; citing *Bowen v. School-district,* 36 Mich. 149.

2. The bill of particulars referred to the orders by number, and, if the defendant desired further information in advance of the trial, application should have been made to the court for a more specific bill, and an objection made on the trial comes too late.

Error to Gladwin. (Cobb, J.) Submitted on briefs February 5, 1892. Decided March 4, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. A. Burritt* and *N. T. Daniels,* for appellant.

*F. L. Prindle,* for plaintiff.

McGRATH, J. Plaintiff recovered in *assumpsit* for the amount of certain township orders issued to defendant while he was supervisor of the township. Three of the orders were payable from the contingent fund; were issued for the purchase of a book-desk; were signed by defendant as chairman of the township board, and made payable to himself; were presented, and the amounts thereof received, by defendant; and the book-desk was never purchased. The other three were issued by the

commissioner of highways, were made payable to defendant, and purported to have been issued upon a contract for the construction of a certain highway, whereas no lawful contract was ever made.[1]

The first point raised is ruled by *Bowen v. School-district*, 36 Mich. 149, where the Court say:

"It is objected that an action in tort should have been brought, and not *assumpsit.* But, as the defendant made use of the order as money, the law will raise an implied promise to pay the amount. The district perhaps might have sued in tort, but was not compellable to do so."

The action was properly brought in the name of the township. A township is a body corporate, and as such may sue and be sued. Section 737 of the statutes provides that the supervisor of each township shall be the agent for his township, by whom suits may be brought and defended, and upon whom all process against the township shall be served; and section 8213 provides that actions brought by any supervisor shall be brought in the name of the township.

*Tp. of Denver v. Booming Co.*, 51 Mich. 472, has no application, for by section 1406 it is expressly provided that the action there brought should be brought by the overseer of highways. It was there held that the Legislature has full power to direct by what officers any class of suits shall be brought; but the Legislature has nowhere taken from the township, or conferred upon the commissioner of highways, the authority to collect moneys illegally paid out by the township officers.

Section 8212 provides that,—

"In all cases not otherwise provided by law, action may be brought by the board of supervisors of a county, by county superintendents of the poor, by

---

[1] The contract was let to the defendant while supervisor.

supervisors of townships, by directors of the poor of the several townships, by inspectors of primary schools and commissioners of highways of the several townships, and by assessors of school-districts, upon any contract lawfully made with them or their predecessors in their official character, or to enforce any liability or any duty enjoined by law to such officers, or the body which they represent, and to recover damages for any injuries done to the property or rights of such officers, or of the bodies represented by them."

This action is not based upon any contract made with the commissioner of highways, nor is it to enforce any liability or duty enjoined by law to such officer. It cannot be insisted that the statute was designed to authorize commissioners of highways to bring action to enforce any liability or any duty enjoined by law to townships. The assessor of a school-district represents the school-district board; the supervisor represents the township board; but the commissioner of highways represents no body or collection of individuals.

It is not necessary that plaintiff should have declared specially. *Bowen v. School-district*, 36 Mich. 149.

The bill of particulars referred to the orders by number, and, if defendant desired further information in advance of the trial, application should have been made to the court for a more specific bill. The objection made upon the trial came too late.

The judgment is affirmed, with costs to plaintiff.

The other Justices concurred.