## TANNER *v.* PAGE.

1. BILL OF PARTICULARS—SUFFICIENCY.

A bill of particulars describing generally the character of plaintiff's claim is sufficient, if no demand is made for a more specific bill. So *held* where, in an action for moneys had and received, the bill set forth a claim upon " divers notes, accounts, contracts, and other evidences of indebtedness placed in the hands of defendant for collection."

2. SECONDARY EVIDENCE—CONTENTS OF WRITING.

Parol evidence of the contents of a written instrument is inadmissible upon testimony merely tracing the writing into the possession of a third party (*e. g.*, an insurance adjuster), and failing to disclose any further inquiry.

3. WRITTEN CONTRACT—PAROL EVIDENCE—REASONABLE COMPENSATION.

Where a written agreement provides for the payment of a " reasonable amount" for making certain collections, evidence that one of the parties, at the time of the execution of the writing, suggested that a specified percentage be in-

serted in lieu of such provision, is inadmissible upon the
question of reasonable compensation.

4. Evidence—Motive—Competency of Witness.
   A witness cannot testify as to the reason inducing a person
   to flee the country without some preliminary showing of
   his means of knowledge.

5. Sale—Goods in Transit—Duty as to Payment.
   Whether, as between the parties to the sale of a stock of goods,
   the purchaser should pay for goods in transit at the time
   of the sale, or whether a claim therefor is within the scope
   of an arrangement authorizing him to pay the seller's
   "creditors" from moneys in his hands belonging to the
   seller, is a question for the jury, in the absence of a show-
   ing that the goods were included in the bill of sale.

6 Money Had and Received—Trust Funds.
   One who has collected accounts assigned to him under an
   agreement that he will pay the proceeds, less a reasonable
   collection fee, to the creditors of the assignor "or to" a
   third party, is liable to such party, after having discharged
   the indebtedness, in an action for money had and received,
   even though a trust may have been created by the arrange-
   ment.

7. Sale—Authority to Pay Creditors of Seller—Claim for
   Taxes.
   Authority conferred upon the purchaser of a stock of goods
   to pay the "creditors" of the seller from funds belonging to him
   justifies the payment of taxes assessed upon the stock prior
   to the sale.

8. Costs in Supreme Court—Prolix Record and Brief.
   Costs for printing are disallowed in part because of the unnec-
   essary length of the record and brief.


Error to Ionia; Daboll, J., presiding.  Submitted June
14, 1895.  Decided July 2, 1895.

*Assumpsit* by Nellie Tanner against Herbert L. Page
for money had and received.  The bill of particulars set
forth plaintiff's demand as consisting of "divers notes,
accounts, contracts, moneys, and all other evidences of
indebtedness placed in the hands of defendant by M. J.
Tanner for collection, and have been collected by defend-
ant, or are still in defendant's possession uncollected,

which were so placed in defendant's hands by M. J. Tanner for the use and benefit of plaintiff, to the amount of, to-wit, $2,000." There was a judgment for plaintiff, and defendant brings error. Modified and affirmed.

*H. L. Van Benschoten* and *R. A. Hawley*, for appellant:

Diligent search by defendant having failed to produce the bill of sale, parol evidence of its contents was admissible under the rule of *Rash* v. *Whitney*, 4 Mich. 494, as the instrument did not pass from the legal custody of defendant by its submission to the insurance adjuster.

Evidence of the conversation between the parties at the time of the execution of the receipt by defendant was proper to show their understanding as to what constituted a reasonable collection fee. *Preston National Bank* v. *Purifier Co.*, 102 Mich. 462.

Defendant became a trustee of the fund, and could not be sued by the *cestui que trust* in an action at law. *Lyle* v. *Burke*, 40 Mich. 499; *McBride* v. *McIntyre*, 91 Mich. 406; *Linneman* v. *Moross Estate*, 98 Mich. 178; *Johnson* v. *Johnson*, 120 Mass. 465; *Davis* v. *Coburn*, 128 Mass. 377; *Upham* v. *Draper*, 157 Mass. 292; *Halle* v. *Bank*, 140 Ill. 413.

*McGarry & Nichols* (*M. A. Nichols*, of counsel), for appellee:

A sufficient foundation was not laid for the introduction of parol proof of the contents of the bill of sale. *Hogsett* v. *Ellis*, 17 Mich. 374; *Darrow* v. *Pierce*, 91 Mich. 67.

The court properly excluded evidence of the conversation leading up to the execution of the receipt. *Savercool* v. *Farwell*, 17 Mich. 308; *Martin* v. *Hamlin*, 18 Mich. 354; *Cline* v. *Hubbard*, 31 Mich. 237; *Skeels* v. *Starret*, 57 Mich. 350; *Richardson* v. *Hardwick*, 106 U. S. 252.

Defendant was merely an agent for the collection of the accounts (*Crissman* v. *Crissman*, 23 Mich. 217); but, even if he became a trustee, the action is properly planted, since nothing remains for him to do but to pay over the money (*Catlin* v. *Birchard*, 13 Mich. 110; *Patton* v. *Chamberlain*, 44 Mich. 5; *Bitely* v. *Bitely*, 85 Mich. 227; *Collar* v. *Collar*, 75 Mich. 414, 86 Mich. 507).

Shippers of goods in transit at the time of the sale

were not creditors of Tanner within the terms of the receipt. *Lentz* v. *Railway Co.*, 53 Mich. 444; *Kingman* v. *Denison*, 84 Mich. 608.

McGRATH, C. J. Plaintiff's husband was in December, 1892, in the hardware business at Belding. For some unexplained reason he desired to close out his business and get away. He transferred his stock of goods to the defendant in consideration of a sum of money which was paid to him. The controversy here arises respecting certain accounts receivable, connected with the business, which were turned over to defendant. A formal bill of sale was made to defendant of these accounts. At the same time defendant signed and gave back to M. J. Tanner the following:

"Received of M. J. Tanner book accounts and notes, for which I agree to pay to his creditors as fast as received, or to his wife, except a reasonable amount for collection."

This suit was commenced in January, 1894, to recover the balance remaining in defendant's hands after the payment of the creditors.

The first contention is that the court should have excluded all testimony because of the insufficiency of plaintiff's bill of particulars. The bill described, generally, the character of plaintiff's claim. It referred to accounts left with defendant for collection. If not sufficiently full, defendant should have called for a more specific bill. *Freehling* v. *Ketchum*, 39 Mich. 299; *Township of Buckeye* v. *Clark*, 90 Mich. 432.

It is next urged that the court erred in rejecting parol evidence on the part of defendant of the contents of the bill of sale of the stock of goods. The testimony traced the bill of sale into the hands of an insurance adjuster, but failed to disclose any further inquiry, and was clearly insufficient to warrant the introduction of parol proof of the contents of the written instrument.

As bearing upon what would be a reasonable compensation for the collections, defendant offered to show that

at the time of the transfer the assignor suggested that
10 per cent. be inserted in lieu of the provision made, but
the court rejected the testimony. There was no error in
this ruling. *Stange* v. *Wilson*, 17 Mich. 342; *Harrow Spring
Co.* v. *Whipple Harrow Co.*, 90 Mich. 150.

Among the items of indebtedness alleged by defendant
to be yet outstanding was a note of $100, given to one
Pope. Plaintiff offered proof tending to show that M. J.
Tanner had, on the day before he left, drawn a check in
Pope's favor for the amount of this note; that Pope had
presented the check at the bank, and received the money
upon it; and that the amount had been entered upon the
books by M. J. Tanner as a payment of the note. The
defendant sought to show that the sum so paid was to
apply upon a claim for injuries to Pope's son, caused by
Tanner. One Ward was called by plaintiff to prove the
payment. Upon cross-examination Ward was asked if
he did not know that it was on account of this boy that
Tanner fled the country. The court properly rejected the
testimony. No proper foundation had been laid for the
introduction of the testimony. In the absence of some
means of knowing the fact, the answer would be but an
expression of an opinion or a suspicion.

Respecting the goods in transit at the time of the
transfer, there was no proof that the bill of sale or the
consideration therefor covered them. Plaintiff's testi-
mony tended to show defendant's admission that they
were not included, and that the amounts paid therefor
were not to be charged up against the collections. The
question was one for the jury, and the court properly
left it to them. The instruction given upon the subject
fully protected the defendant.

Defendant contends that, under the circumstances, a
trust was created, and that plaintiff's remedy is in equity,
and not at law. Conceding the existence of the relation,
the trust was executed with the exception of payment
over. The accounts had all been collected and the indebt-
edness discharged. It was held in *Catlin* v. *Birchard*, 13

Mich. 110, that, when a person assents to act as trustee in receiving money for the benefit of another, he becomes liable to an action for money had and received, if he fails to pay it over according to his duty. See, also, *Collar* v. *Collar*, 86 Mich. 507.

Defendant paid a tax of $75.64 which was assessed upon the stock of goods, and the court held that the State was not a creditor, within the meaning of the term employed in the receipt given by defendant. In this, we think, the court erred. It was clearly the intention of M. J. Tanner to provide for the payment of his debts. This was a personal claim for which a suit against him would lie. The amount will be deducted from the judgment; otherwise, the judgment will be affirmed, with costs to defendant.

Less than three pages of defendant's brief are devoted to the discussion of the question relating to the taxes, and a record of but a few pages would have been sufficient to raise that question. Defendant will be limited in the taxation of his costs for printing to 10 pages of record and 5 pages of brief.

Judgment modified and affirmed.

The other Justices concurred.