ROYAL GLOBE INSURANCE COMPANY v GREAT AMERICAN
INSURANCE CORPORATION

Docket No. 57469. Submitted April 8, 1982, at Detroit.—Decided
August 24, 1982.

Royal Globe Insurance Company brought a declaratory judgment
action against Great American Insurance Corporation and
others in Macomb Circuit Court. Royal Globe, insurer of Bundy
Tubing Company from 1969 to 1973, had assumed Bundy's
defense in a third-party indemnification action brought by a
paint company which was sued by one of Bundy's employees for
allegedly supplying Bundy with an industrial oil containing
carcinogens which, through years of exposure, caused the em-
ployee to contract cancer of the larynx. Great American and
two unidentified insurance companies had insured Bundy for a
number of years prior to 1969 and during the period that the
affected employee was exposed to the oil. Great American
refused to participate in the defense of the third-party action
against Bundy, whereupon plaintiff filed this suit seeking con-
tribution from defendants for any judgment or settlement
against Bundy in the underlying case. Plaintiff moved for
summary judgment. The court, Robert J. Chrzanowski, J.,
granted plaintiff's motion for summary judgment. Defendant
appeals. *Held:*

The trial court improperly granted summary judgment. The
trial court record does not show that all facts essential to the
rendition of a judgment in plaintiff's favor are undisputed or
that an essential element of the defense cannot be supplied.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

Summary judgment may be granted where there is no genuine
issue as to any material fact and the moving party is entitled
to judgment as a matter of law (GCR 1963, 117.2[3]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that there is no

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

genuine issue as to any material fact tests whether there is factual support for a claim; the court will give the benefit of any reasonable doubt to the opposing party and must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome in order to grant a motion for summary judgment on that ground (GCR 1963, 117.2[3]).

*Harvey, Kruse, Westen & Milan, P.C.* (by *Kirt B. DeVries*), for plaintiff.

*Tyler & Canham, P.C.* (by *David M. Tyler* and *Michael J. Walter*), for defendant.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

R. R. FERGUSON, J. Defendant appeals as of right the trial court's grant of a summary judgment in plaintiff's favor. GCR 1963, 117.2(3). We reverse.

An understanding of the case at bar requires a brief review of the facts of a separate action. William Martin was employed by Bundy Tubing Corporation from 1935 to 1972. In a complaint filed against Shermerhorn Paint Company, Martin alleged that Shermerhorn sold Bundy Tubing an industrial oil which contained carcinogens. Martin contended that he was continuously exposed to this oil while employed and, as a result, contracted cancer of the larynx. Shermerhorn filed a third-party action against Bundy Corporation seeking indemnification for any judgment entered in favor of Martin against Shermerhorn. Apparently, the industrial oil was manufactured by Shermerhorn according to a formula supplied by Bundy or Bundy Tubing.

Plaintiff was the insurer of Bundy from 1969 to 1973. It assumed Bundy's defense in the third-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

party action filed by Shermerhorn. Plaintiff then filed the instant declaratory judgment action alleging that defendant and two unidentified insurance companies insured Bundy for a number of years prior to 1969. Defendant refused to participate in the defense of the third-party action, whereupon plaintiff filed this suit seeking contribution from defendants for any judgment or settlement against Bundy in the underlying case. Plaintiff moved for summary judgment.

Summary judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. The court will give the benefit of any reasonable doubt to the opposing party and must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), *Szidik v Podsiadlo,* 109 Mich App 446, 448-449; 311 NW2d 386 (1981).

At the hearing on its motion, plaintiff relied upon *Ins Co of North America v Forty-Eight Insulations, Inc,* 451 F Supp 1230 (ED Mich, 1978), *aff'd* 633 F2d 1212 (CA 6, 1980), to support its claim of indemnity. In that case an asbestos products manufacturer which faced huge potential liability because of numerous products liability lawsuits sought to determine which of the insurance companies that had provided it with general liability insurance coverage over a 20-year period were obligated to defend the lawsuits and to indemnify the manufacturer for any judgments rendered against it. In affirming the district court, the Sixth Circuit Court of Appeals applied a variation of the

so-called "exposure theory". The court ruled that each inhalation of asbestos fibers can cause an injury to the lungs of persons suffering from the progressive lung disease of asbestosis. Thus, for purposes of insurance coverage, bodily injury presumably resulted from each person's exposure to asbestos products. The court held that in products liability actions brought against the asbestos manufacturer by persons who suffered from asbestosis, each insurer which provided the manufacturer with general liability insurance during periods when the person suing was exposed to asbestos products would be liable for its pro rata share of the cost of defense and any judgment. The court rejected the "manifestation theory", which holds that only those insurers providing general liability insurance coverage when the progressive disease manifested itself are obligated to defend and indemnify the manufacturer of a defective or dangerous product.

The trial court applied the "exposure theory" to the instant case and held as a matter of law that defendant was required to contribute to any judgment or settlement against Bundy in the other action. In *Forty-Eight Insulations,* undisputed medical testimony established that asbestosis was a slowly progressive disease. Tissue damage occurred shortly after the initial inhalation of asbestos fibers and each additional inhalation of the fibers resulted in the buildup of scar tissue in the lungs. *Forty-Eight Insulations, supra,* 1218. The lower court file in the instant case contains no medical testimony that Martin's cancer was caused by exposure to industrial oil while employed by Bundy so as to give rise to any liability which defendant may have under the policy or policies it issued to Bundy, or that Martin's cancer

was a progressive and cumulative type of disease so as to give rise to a duty on the part of defendant to defend and indemnify Bundy. Although in its brief on appeal, plaintiff cites this Court to numerous depositions of various physicians, each such deposition was taken after the time the trial court heard and granted plaintiff's motion for summary judgment. Clearly, those depositions were not a part of the lower court record at the time the court decided plaintiff's motion. The record presented at the hearing on plaintiff's motion does not show that all facts essential to the rendition of a judgment in plaintiff's favor are undisputed or that an essential element of the defense cannot be supplied. *Rizzo, supra,* 371. The trial court improperly granted summary judgment under GCR 1963, 117.2(3).

Reversed and remanded.