ANDERSON v KEMPER INSURANCE COMPANY

Docket No. 64744. Submitted February 15, 1983, at Detroit.—Decided
    August 17, 1983.

> Plaintiffs, Raymond and Louise Anderson, were injured in New
> York in an automobile accident involving their car and a car
> driven by Alma Nunez. At the time, defendants, Kemper
> Insurance Company and Lumbermens Mutual Casualty Com-
> pany, insured Nunez on a different vehicle. It is disputed as to
> whether Nunez owned the automobile driven by her when the
> accident occurred. If she did, it would be excluded from the
> policy provisions. If owned by some other person, coverage
> would still extend to Nunez. Lumbermens denied coverage to
> Nunez. Plaintiffs obtained a default judgment against Nunez in
> the United States District Court. Plaintiffs filed a garnishment
> against Kemper, which denied having any assets of Nunez.
> Plaintiffs brought an action in the Wayne Circuit Court for
> declaratory judgment against defendants to obtain a judgment
> that defendants are liable on their contracts with Nunez and,
> therefore, had assets subject to garnishment. Defendants moved
> for summary or accelerated judgment. The court, John M.
> Wise, J., denied the motions. Defendants appealed by leave
> granted. *Held:*
>
> There were genuine issues of material fact with regard to
> plaintiffs' claims and defendants' defenses. Both summary and
> accelerated judgment would have been improper.
>
> Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM —
    COURT RULES.

> A trial court's grant of a summary judgment for failure to state a
> claim upon which relief can be granted is tested by examina-
> tion of the pleadings alone; the factual allegations of the
> complaint are taken as true, along with any inferences or

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 164-175.
    44 Am Jur 2d, Insurance § 1444.

conclusions which may fairly be drawn from the facts alleged, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion for summary judgment should be denied (GCR 1963, 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim; the court will give the benefit of any reasonable doubt to the opposing party and must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome in order to grant a motion for summary judgment on that ground (GCR 1963, 117.2[3]).

3. INSURANCE — GARNISHMENT — DEFENSES.

Lack of compliance with insurance contract provisions by the insured is no defense to a garnishment action against an insurer seeking to satisfy a default judgment unless the insurer can show it was materially injured in its ability to contest the merits of the case by its insured's noncompliance.

*James R. Shively, P.C.* (by *Gary Edward Gardner*), for plaintiffs.

*Barbier, Goulet & Petersmarck, P.C.* (by *John L. Salter*), for defendants.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

PER CURIAM. Defendants appeal by leave granted from an order denying their motions for accelerated or summary judgment against plaintiffs.

The instant case arose out of an automobile accident which occurred on December 30, 1971, in the State of New York, involving a vehicle containing plaintiffs and a second vehicle, a 1963 Chrysler, driven by Alma Nunez. At the time,

Nunez was insured by defendants as the owner of a different vehicle. It is disputed as to whether Nunez owned the automobile driven by her when the accident occurred. If she did, it would be excluded from the policy provisions. If owned by some other person, coverage would still extend to Nunez.

On April 8, 1974, defendant Lumbermens Mutual Casualty Company (hereinafter Lumbermens) denied coverage to Nunez. On December 24, 1974, plaintiffs filed an action against Nunez in New York. However, as of June 17, 1975, there had been no activity in that case. On June 10, 1974, plaintiffs commenced suit in United States District Court, Eastern District of Michigan. Nunez was served but was subsequently defaulted. Default judgment was entered in plaintiffs' favor on June 29, 1976. On December 3, 1976, plaintiffs filed a writ of garnishment against defendant Kemper Insurance Company, which denied it had any assets of the principal defendant Nunez. On January 29, 1981, plaintiffs filed this action for declaratory judgment seeking a determination that defendants are liable on the insurance contract with Nunez and therefore do have her assets in the form of insurance proceeds payable. Thereafter, defendants filed their motions for accelerated judgment or summary judgment. On April 2, 1982, the trial court entered an order denying defendants' motions.

First, defendants contend plaintiffs' claim is barred by the appropriate period of limitations. Our review of the record reveals that there are outstanding material factual questions concerning when, if at all, personal jurisdiction was obtained over Nunez. This factor is necessary in determining this issue. Accordingly, accelerated judgment

on this issue would have been improper and the trial court should be affirmed on this point.

Second, defendants claim the trial court erred in denying their motion for summary judgment under GCR 1963, 117.2, subds (1) and (3). We disagree. A motion under GCR 1963, 117.2(1) tests whether plaintiffs have pled a claim against defendants. The motion is to be decided with reference to the pleadings alone, accepting every well-pleaded fact as true. The facts are left to develop as they will within the pleadings. Summary judgment can be granted only if no factual development is possible which, along with justifiable inferences, could establish plaintiffs' claim. *O'Toole v Fortino,* 97 Mich App 797; 295 NW2d 867 (1980). We find that the record does not reveal that plaintiffs' complaint was insufficient as a matter of law. Whether the 1963 Chrysler was owned by Nunez is a question of fact which is not resolved by the pleadings. It is unclear from the pleadings how this critical fact will be determined by a trier of fact. Accordingly, we hold the trial court to have been correct in finding that summary judgment under GCR 1963, 117.2(1) was inappropriate.

Defendants' motions also claimed there was no genuine dispute as to any material fact. GCR 1963, 117.2(3). Such a motion requires reference to any evidence in the case—depositions, affidavits, admissions, etc.—as well as the pleadings, to ascertain if there is any dispute as to any material fact. *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 566; 298 NW2d 915 (1980). The court should give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine material issue. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The court must be satisfied that no factual development is possible which would

support the nonmoving party's claim. *Royal Globe Ins Co v Great American Ins Co,* 118 Mich App 735; 325 NW2d 556 (1982).

There appears to us to be a factual. dispute herein: whether Nunez owned the car. We find that evidence appears to be available to both sides. Defendants seem to believe this Court should settle the factual dispute now because plaintiffs' evidence is (in defendants' view) so weak. That would be inappropriate. We find no reversible error on this point.

Finally, defendants claim they were entitled to prevail on said motions based on the defense of Nunez's noncompliance with the insurance contract. This claim is without merit.

The parties apparently agreed that defendants' contract with Nunez includes a clause requiring her cooperation and assistance in defending against any suit by an injured plaintiff. Plaintiffs dispute the good faith of defendants' efforts to contact Nunez and secure her cooperation.

Even assuming defendants' good faith was obvious and indisputable, defendants would not be entitled to prevail on summary judgment based on Nunez's noncompliance with the insurance contract. Lack of compliance by the insured is no defense to a garnishment action seeking to satisfy a default judgment unless the insurer can show it was prejudiced by its client's noncompliance. *Burgess v American Fidelity Fire Ins Co,* 107 Mich App 625, 628; 310 NW2d 23 (1981). Prejudice is an issue of fact upon which the insurer carries the burden of proof. *Bibb v Dairyland Ins Co,* 44 Mich App 440; 205 NW2d 495 (1973).

The prejudice defendants are required to show is something other than the fact that, if the summary judgment is denied, they might lose money,

whereas if it is granted they might save money. Defendants must how they have been materially injured in their ability to contest the merits of the case by Nunez's noncooperation. *Burgess v American Fidelity Fire Ins Co, supra,* pp 629-630.

Whether defendants were prejudiced is still a factual question. Defendants have not proved on the record before us that they were unable to secure evidence of the ownership of the Chrysler *as a result of* Nunez's noncooperation. Nor have defendants actually established their good faith efforts to secure Nunez's cooperation. Defendants may have been lax in searching for Nunez or in searching for other sources of the necessary information; either factor could be an intervening cause of whatever evidentiary weaknesses defendant suffered. Whether there is an intervening cause, other than Nunez's neglect, which resulted in defendants' poor defense position is a factual question. *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971); *Burgess, supra,* pp 629-630.

The outstanding factual issues presented in this case concerning the date of service on Nunez, the ownership of the Chrysler, and the prejudice to defendants from Nunez's alleged noncooperation, require us to affirm the trial court.

Affirmed.