LANGLOIS v McDONALD'S RESTAURANTS OF MICHIGAN, INC

Docket No. 80859. Submitted November 6, 1985, at Detroit.—Decided February 18, 1986. Leave to appeal applied for.

Plaintiff, Lori Langlois, was employed at a restaurant owned by defendant, McDonald's Restaurants of Michigan, Inc. Plaintiff filed a suit for damages in Wayne Circuit Court alleging that she was subjected to sexual harassment in connection with her employment, in violation of the Elliott-Larsen Civil Rights Act. Defendant moved for summary judgment contending that except as to the amount of damages there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. The circuit court, Michael L. Stacey, J., granted defendant's motion after ruling that the single incident to which plaintiff was subjected, wherein a male fellow employee had made overt sexual advances and impermissibly touched her breast and buttocks, coupled with her continued employment for some nine months after the incident, established as a matter of law that no hostile work environment existed which would have constituted a violation of the Elliott-Larsen Civil Rights Act. Plaintiff appealed. *Held:*

1. Michigan courts regard federal precedent on questions analogous to those presented under Michigan's civil rights statutes as highly persuasive, although not binding. A review of federal precedent from several cases convinced the Court of Appeals that plaintiff failed to allege facts which would allow

REFERENCES

Am Jur 2d, Civil Rights §§ 154 *et seq.*

Am Jur 2d, Courts §§ 183 *et seq.*

Sexual advances by employee's superior as sex discrimination within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e *et seq.).*

On-the-job sexual harassment as violation of state civil rights law. 18 ALR4th 328.

Binding effect upon state courts of opinion of United State Supreme Court supported by less than a majority of all its members. 65 ALR3d 504.

See also the annotations in the ALR3d/4th Quick Index under Sex Discrimination; Stare Decisis.

recovery under a hostile work environment discrimination claim.

2. Plaintiff was not aware of other incidents involving the same male employee and other female employees at the time of her encounter with the male employee. Those other incidents did not have an effect on plaintiff's psychological well-being as it pertained to the work environment. Thus, she cannot rely upon those incidents of alleged sexual harassment of which she was unaware. to establish that she was subjected to a hostile work environment for purposes of the Elliott-Larsen Civil Rights Act.

Affirmed.

1. CIVIL RIGHTS — FEDERAL PRECEDENT.

Michigan courts regard federal precedent on questions analogous to those presented under Michigan's civil rights statutes as highly persuasive, although not binding.

2. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT — SEX DISCRIMI-
NATION.

In order for an employee to state a claim against his employer of sex discrimination based on sexual harassment in violation of the Elliott-Larsen Civil Rights Act, the sexual harassment must be sufficiently pervasive so as to alter the working conditions of employment and create an abusive working environment; whether sexual harassment at the workplace is sufficiently severe and persistent to affect seriously the psychological well-being of employees is a question to be determined with regard to the totality of the circumstances (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

*Brescoll & Associates, P.C.* (by *Dennis P. Brescoll),* for plaintiff.

*The Fishman Group* (by *Steven J. Fishman* and *Malcolm D. Brown),* for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

J. H. GILLIS, J. Plaintiff brought a claim for damages against defendant, alleging that she was subjected to sexual harassment in connection with

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

her employment, in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* Defendant brought a motion for summary judgment under GCR 1963, 117.2(3), which was granted by the trial court. Plaintiff appeals as of right.

Plaintiff, an 18-year-old woman, based her claim of sexual harassment on a single incident which occurred March 17, 1982, while she was working at a fast-food restaurant owned by defendant, McDonald's Restaurants of Michigan. Plaintiff had been instructed to take a work break by Ivan Forney, a "first assistant" also employed by defendant corporation. He also whispered to her "Hi, baby, let's have some fun". Plaintiff proceeded to a downstairs crew room, where she was joined by Forney. Once again he asked her if she would like to "have some fun", and moved his hips back and forth in a crude manner. He then briefly placed his hand on her breast and "grabbed" her buttocks. Plaintiff responded by leaving the crew room.

Once upstairs, plaintiff informed a fellow employee that Forney had touched her. Her swing manager told her to "just let it go" and return to work. Plaintiff declined to do so and ultimately left the restaurant with co-worker Kim Wright. Plaintiff reported the incident to the police. An investigation later conducted by defendant's personnel led to Ivan Forney's discharge from employment on March 22, 1982.

Plaintiff testified in her deposition that sometime after she reported the incident, she became aware that Forney had engaged in similar conduct with other co-employees, specifically Kim Wright and Michelle Bright-Poysson. Plaintiff alleged that the restaurant management was aware of these prior incidents but did not act to prevent their

recurrence. Plaintiff continued working at the restaurant until December 9, 1982, when she was discharged for taking cookies without permission.

Plaintiff's claim of sexual harassment is based upon the Elliott-Larsen Civil Rights Act, MCL 37.210 *et seq.;* MSA 3.548(101) *et seq.,* which, like Title VII of the Civil Rights Act of 1964; 42 USC 2000e *et seq.,* prohibits employers from discriminating against a person on the basis of sex "with respect to a term, condition or privilege of employment * * *". Sexual harassment is defined, in pertinent part, as:

"* * * unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:

"(i) Submission to such conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, * * *

"(ii) Submission to or rejection of such conduct or communication by an individual is used as a factor in decisions affecting such individual's employment, * * *

"(iii) Such conduct or communication has the purpose or effect of substantially interfering with an individual's employment, * * * or creating an intimidating, hostile, or offensive employment, * * *." MCL 37.2103(h); MSA 3.548(103)(h).

Michigan courts regard federal precedents on questions analogous to those presented under Michigan's civil rights statutes as highly persuasive, although not binding. *Slayton v Michigan Host, Inc,* 144 Mich App 535; 376 NW2d 664 (1985); *Robson v General Motors Corp,* 137 Mich App 650, 653; 357 NW2d 919 (1984).

In *Henson v City of Dundee,* 682 F2d 897, 903-905 (CA 11, 1982), the court outlined five elements which must be established in order to recover damages for a claim of sexual harassment under Title VII:

1) The employee belongs to a protected group,

2) The employee was subject to unwelcome sexual harassment,

3) The harassment complained of was based on sex,

4) The harassment complained of affected a "term, condition or privilege of employment", and

5) *Respondeat superior.*

In the more typical, *"quid pro quo"*, form of sexual harassment, the fourth element is established where the employer or employee in a supervisory position encourages or demands sexual favors in return for some employment benefit. Plaintiff admits that she was not subjected to this type of discrimination. Rather, plaintiff claims that she is entitled to damages because of a hostile work environment, relying upon such cases as *Henson, supra,* and *Bundy v Jackson,* 205 US App DC 444; 641 F2d 934 (1981). These cases hold that sexual harassment "may so poison a working environment as to alter a 'term, condition or privilege of employment' in violation of Title VII, even if the conduct does not result in discharge or denial of promotion". *Scott v Sears, Roebuck & Co,* 605 F Supp 1047 (ND Ill, 1985). However, the mere fact that sexual harassment has occurred will not justify recovery under a "hostile work environment" claim. Rather, the severity of the harassment becomes an issue. As stated in *Henson, supra,* p 904:

"For sexual harassment to state a claim under Title VII, it must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment. Whether sexual harassment at the workplace is sufficiently severe and persistent to affect seriously the psychological well being of employees is a question to be determined with regard to the totality of the circumstances."

In the case at hand, the trial court granted defendant's motion for summary judgment after concluding that the single incident to which plaintiff was subjected, coupled with her continued employment for some nine months after the incident, established as a matter of law that no hostile environment existed. In reviewing the propriety of the trial court's action, we must keep in mind the standards applicable to a motion brought under GCR 1963, 117.2(3). As stated in *Anderson v Kemper Ins Co,* 128 Mich App 249; 340 NW2d 87 (1983):

"Such a motion requires reference to any evidence in the case—depositions, affidavits, admissions, etc.—as well as the pleadings, to ascertain if there is any dispute as to any material fact. *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 566; 298 NW2d 915 (1980). The court should give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine material issue. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The court must be satisfied that no factual development is possible which would support the nonmoving party's claim. *Royal Globe Ins Co v Great American Ins Co,* 118 Mich App 735; 325 NW2d 556 (1982)." 128 Mich App 252-253.

Due to the restrictive standard which applies to motions for summary judgment under rule 117.2(3), it is with great difficulty that we decide this matter. Nonetheless, our review of federal precedent on this point leaves us convinced that plaintiff failed to allege facts which would allow recovery under a "hostile work environment" discrimination claim. We base this conclusion upon the guidance offered by such federal district court cases as *Seep v Commercial Motor Freight, Inc,* 575 F Supp 1097 (SD Ohio, 1983), *Ferguson v E I duPont de Nemours & Co, Inc,* 560 F Supp 1172 (D

Del, 1983), and *Scott v Sears, Roebuck & Co,
supra.* For example, in *Scott,* the plaintiff, who
worked in the defendant's automotive department,
claimed she was continuously sexually harassed by
her fellow mechanics and repeatedly propositioned
by the principal harasser. Further, the plaintiff
alleged that mechanic Al Williams once made a
lewd comment to her, and mechanic Weston Tay-
lor "hit me on my buttock". The district court
granted the defendant's motion for summary judg-
ment, concluding that these allegations did not
constitute the severity and pervasiveness neces-
sary to constitute an actionable hostile environ-
ment. The court noted that "it requires only a
reading of *[Katz v Dole,* 709 F2d 251 (CA 4, 1983),
*Henson, supra,* and *Bundy, supra]* to see that the
shocking and pervasive conduct they portray finds
no parallel in the climate at Sears". *Scott, supra,* p
1055. The district court in *Ferguson, supra,* offered
a similar opinion as to the severity of harassment
which occurred in *Henson,* where "plaintiff was
subjected to virtual daily harangues, vulgarities,
and requests for sexual liaisons over the course of
two years". *Ferguson, supra,* p 1198. Although the
*Ferguson* Court denied the plaintiff's claim due to
her failure to establish the element of *respondeat
superior,* the court nonetheless had "difficulty con-
sidering the relatively few enumerated incidents of
[the harasser's] conduct as pervasive or on a par
with that in *Henson* * * *". *Ferguson, supra,* p
1198. The conduct referred to in *Ferguson* was
listed by the plaintiff thusly:

"[F]irst, he once smacked her buttocks as she was
leaving the office; second, he would call her into his
office for 'heart-to-breast' talks; third, he referred to her
as his girlfriend in the company of other persons;
fourth, he inquired about her sexual proclivities and
opined on her promiscuity; fifth, he made several coarse

comments to her of a sexual nature; and sixth, he described his working relationship with plaintiff by analogy to the marital estate." *Ferguson, supra,* pp 1181-1182.

Finally, in *Seep v Commercial Motor Freight, Inc, supra,* the district court held that the suggestive remarks made to female members of a clerical unit, the possession and display of pornographic material by male employees and other attempts to embarrass the female employees did not "demonstrate the existence of sexual harassment 'sufficiently severe and persistent to affect seriously the psychological well being of employees' ". *Seep, supra,* p 1107, quoting *Henson, supra,* p 904.

In the case before us, plaintiff alleges that she, personally, was subjected to only one incident of harassment by Ivan Forney, *i.e.,* the request for "some fun" and touching which occurred in the restaurant crew room on March 17, 1982. While we agree that Mr. Forney was appropriately terminated from his employment as a result of this contemptible behavior and should have faced criminal responsibility for his actions, this is not the issue. Rather, we must determine whether the Elliott-Larsen Civil Rights Act provides plaintiff with an avenue for recovering money damages from her employer due to Mr. Forney's actions. Based upon our reading of the federal cases, and especially the district court cases construing the severity and pervasiveness of conduct which must be established under *Henson* and *Bundy, supra,* we conclude that the act does not allow such a remedy under these facts.

Plaintiff argues, however, that we should not focus simply on the incident to which she was subjected, but rather that the incident should be considered in conjunction with the incidents which

allegedly occurred between Ivan Forney and plaintiff's co-workers, Kim Wright and Michelle Bright-Poysson. Apparently, on one occasion Mr. Forney asked Ms. Poysson to give him a hug. When she did so, he pushed her hand toward his penis and asked her to feel it. On a separate occasion, Mr. Forney made a pass at Ms. Wright when her T-shirt became wet after it was splashed with water.

We would have no difficulty accepting plaintiff's argument if either of the above described events had an effect on plaintiff's "psychological well-being" as it pertained to the work environment. However, plaintiff admitted that she did not become aware of these incidents until after her own run-in with Mr. Forney and after Forney had been fired by the defendant for his actions. Further, when asked whether she was aware of any other incidents, she replied: "Not that I can recollect. I've heard around, though". We conclude that plaintiff cannot rely upon incidents of sexual harassment of which she was unaware to establish that she was subjected to a hostile work environment for purposes of the Elliott-Larsen Civil Rights Act. Prior to March 17, 1982, plaintiff's personal state of mental well-being was intact and unaffected by the work environment at defendant's restaurant. Thus, to advance her claim, plaintiff may rely only upon incidents of harassment which have in fact "stood as an arbitrary barrier to sexual equality at the workplace". *Henson, supra,* p 902. A hostile environment cannot stand as such a barrier until there is some affirmative manifestation of it to the complaining party or parties, and then becomes actionable only when "sufficiently severe and persistent to affect seriously the psychological well being" of the employees in question. We believe that the trial court properly concluded that plaintiff's allegations, taken in the

light most favorable to her, did not rise to the level envisioned in *Henson* and *Bundy*. Therefore, we affirm the order granting defendant's motion for summary judgment.

Affirmed.