BURNS CLINIC MEDICAL CENTER, PC v VORENKAMP

Docket No. 96238. Submitted July 29, 1987, at Grand Rapids. Decided
    September 23, 1987. Leave to appeal applied for.

Burns Clinic Medical Center, P.C., brought an action in Emmet
    Circuit Court against Steven E. Vorenkamp, alleging a breach
    of defendant's covenant not to practice medicine in Emmet
    County for a period of fifteen months following the termination
    of his employment by plaintiff. Plaintiff moved for summary
    disposition, claiming that defendant had failed to state a valid
    defense and that no issues of material fact existed and it was
    entitled to judgment as a matter of law. The trial court,
    Richard M. Pajtas, J., instead granted summary disposition in
    defendant's favor. Plaintiff appealed.

The Court of Appeals held:

1. MCL 445.761; MSA 28.61, the statute which provided that
    covenants not to compete were illegal and void as against
    public policy, had not yet been repealed at the time the parties
    entered into their agreement and the act which repealed MCL
    445.761; MSA 28.61 did not expressly validate covenants en-
    tered into when MCL 445.761; MSA 28.61 was in effect. Thus,
    the instant covenant was unenforceable at its inception and
    continues to be unenforceable.

2. The facts in this case did not support plaintiff's claim that
    the instant covenant was not subject to MCL 445.761; MSA
    28.61 under an exception for covenants incident to the sale of a
    business.

3. Plaintiff failed to plead facts establishing or supporting its
    assertion that defendant breached a fiduciary duty by improp-

REFERENCES

Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade
    Practices §§ 511 et seq.
Enforceability of restrictive covenant, ancillary to employment
    contract, as affected by territorial extent of restriction. 43 ALR2d
    94.
Enforceability of restrictive covenant, ancillary to employment
    contract, as affected by duration of restriction 41 ALR2d 15.
Statutes prohibiting restraint on profession, trade, or business as
    applicable to restrictions in employment or agency contracts, 3
    ALR2d 522.

erly soliciting business for his new professional venture while
still employed by plaintiff.

Affirmed.

MASTER AND SERVANT — EMPLOYMENT CONTRACTS — COVENANTS NOT
TO COMPETE.

The act repealing the statutory prohibition of covenants not to
compete did not expressly validate or make enforceable those
covenants which were entered into at a time when such cove-
nants were prohibited; an employee's covenant not to compete
with his employer upon termination of employment made when
the statutory prohibition was in effect is void from its inception
and continues to be void and unenforceable (MCL 445.761; MSA
28.61 [repealed]; MCL 445.787; MSA 28.70[17]).

*Miller, Canfield, Paddock & Stone* (by *Carl H.
von Ende, Gregory L. Curtner* and *Jay B.
Schreier*), for plaintiff.

*Goldstein, Serlin, Eserow, Rosenbaum & Baker,
P.C.* (by *Joel H. Serlin* and *Bruce M. Gorosh*), and
*Stroup, Mulhauser, Johnson & Tresidder, P.C.* (by
*Nathaniel W. Stroup*), for defendant.

Before: CYNAR, P.J., and WEAVER and J. H.
HAUSNER,* JJ.

WEAVER, J. Plaintiff appeals as of right from an
order of the Emmet Circuit Court granting sum-
mary disposition in favor of defendant. We affirm.

I

Defendant is a doctor who completed his five-
year orthopedic residency in June of 1983. Pursu-
ant to an employment agreement, which defen-
dant had signed on December 23, 1982, defendant
began working for the plaintiff medical clinic on
July 1, 1983. As a condition of employment defen-
dant was required to become both a shareholder in

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the plaintiff medical clinic and a partner in its
Health Facilities Partnership. The employment
agreement also contained the following covenant
not to compete:

> Upon termination of this Agreement for any
> reason whatsoever the Doctor shall not for a pe-
> riod of fifteen (15) months thereafter engage in the
> practice of medicine or surgery in Emmet County,
> Michigan, except that the foregoing shall not ap-
> ply after the Doctor attains age fifty-five (55) and
> has been employed by the Corporation for at least
> fifteen (15) years.

Approximately three years later, in June of
1986, defendant in his letter of resignation in-
formed plaintiff of his intent to continue practicing
orthopedic surgery in Emmet County immediately
following the last day of his employment with
plaintiff. Therefore, before termination of defen-
dant's employment on June 30, 1986, plaintiff sued
defendant for violation of the parties' covenant not
to compete. When plaintiff moved for summary
disposition on the basis of MCR 2.116(C)(9) and
(10), the trial court instead granted summary dis-
position in defendant's favor. The Michigan Su-
preme Court subsequently denied plaintiff's motion
for leave to appeal prior to a decision by this
Court.

II

Plaintiff first argues that, although the covenant
not to compete was prohibited by MCL 445.761;
MSA 28.61 at the time the agreement was signed,
the covenant is presently enforceable because
plaintiff seeks enforcement after the statute's re-
peal.

We disagree. MCL 445.761; MSA 28.61, in effect

at the time defendant signed the employment contract, provided that covenants not to compete were illegal and void as against public policy. Therefore the disputed covenant was unenforceable at the time the contract was signed. *Cardiology Associates of Southwestern Mich, PC v Zencka,* 155 Mich App 632, 641-642; 400 NW2d 606 (1985).

Except where a repealing act expressly seeks to validate agreements which were statutorily void at their inception, the repealing act will not validate previously void agreements. *Webber v Howe,* 36 Mich 149, 155 (1877). Because the covenant here at issue was void from its inception and because the repealing act did not expressly seek to validate prior void agreements, MCL 445.787; MSA 28.70(17), the subsequent repeal of MCL 445.761; MSA 28.61 did not render the covenant subject to later enforcement. *Compton v Joseph Lepak, DDS, PC,* 154 Mich App 360, 370-372; 397 NW2d 311 (1986), lv den 428 Mich 862 (1987).

III

Plaintiff's next argument is that MCL 445.766; MSA 28.66, the "sale of business" exception to MCL 445.761; MSA 28.61, permits the enforcement of the covenant not to compete.

We disagree with plaintiff's reasoning. As noted by the trial court, defendant was not yet even an employee of the plaintiff medical clinic when he signed the agreement. Because defendant at that time had no practice and owned no stock, business interests or good will, he did not sign the contract in connection with the sale of a business or good will, but only as an incident of his employment. By the time defendant terminated his employment he owned only ten of the clinic's nearly six thousand outstanding shares—or less than two-tenths of one

percent of its total holdings. Similar to the situation in *Cardiology Associates, supra,* it is apparent that defendant, without selling a separate business interest or good will, was merely reselling what he had initially purchased from the corporation. 155 Mich App 641-642.

IV

Finally, plaintiff argues that with respect to its claim for breach of fiduciary duty the trial court erred in granting summary disposition to defendant under MCR 2.116(C)(10).

This argument is without merit. We note that in addition to its motion for summary disposition under MCR 2.116(C)(9) (failure of the opposing party to state a valid defense), plaintiff also moved for summary disposition under MCR 2.116(C)(10), requesting judgment as a matter of law because, except as to damages, there were no genuine issues of material fact. Now, after the trial court's award of summary disposition to defendant instead of to plaintiff under MCR 2.116(I)(2), plaintiff asserts that such fact issues did exist as to defendant's alleged breach of fiduciary duty.

Although we need not address issues raised for the first time on appeal, *Oakland Co v Detroit,* 81 Mich App 308, 313; 265 NW2d 130 (1978), lv den 403 Mich 810 (1978), we note that plaintiff failed to plead facts establishing or supporting its assertion that defendant breached a fiduciary duty to plaintiff by improperly soliciting clinic business for his new professional venture. Plaintiff was aware that defendant was contacting patients to inform them of his departure, since the form letter which he sent to patients was drafted with plaintiff's full knowledge and aid. Viewing the evidence in a

light most favorable to defendant as the nonmoving party, therefore, the trial court properly denied plaintiff's motion for summary disposition, granting the motion instead to defendant. See MCR 2.116(G), (I). *Omega Construction Co v Altman,* 147 Mich App 649, 652; 382 NW2d 839 (1985), lv den 425 Mich 877 (1986).

Affirmed.